Sapington vs. Jeffries.

question of fact by the circuit court, its decisions shall be in writing and shall give the facts, and then the court's decision upon them. But the 3d section of the article shows, that this provision is for the purpose of enabling the parties to except upon any matter of law arising upon the trial, and also to move for a review of the evidence.

This spreading out of the evidence in writing, was not done by the circuit court. But no objection was made, and no exception taken to its not being done, and the appellant cannot complain in this court. He is too late. The place for the objection was in the court below. It is consistent with the state of the case presented by the record, that the parties below, appellant as well as respondent, consented that the evidence should not be written down. And where this court can presume a state of facts consistent with the showing on the record, that will warrant the action of the lower court, it will do so.

St. Louis Perpetual Insurance Company vs. Cohen, 9 Mo. Rep. 441; Riney vs. Vanlandingham, 9 Mo. Rep. 823.

SAPINGTON vs. JEFFRIES.

1. A general averment, by a defendant, that he does not owe the money sued for, or any part thereof, is not sufficient under the new code; he must answer the plaintiff's petition, by stating the facts upon which he relies.

2 The statute authorizing any person bound for another, in any bond, bill or note. for the payment of money or property, as security, to give notice to the person having the right of action, forthwith to commence suit against the principal debtor, and other parties liable, requires the notice to be in writing; and the service of the notice to be on the per-

Sapington vs. Jeffries·

son having the right of action on the instrument, personally, or by leaving a copy at his usual place of residence, with some white person of the family, over the age of fifteen years.

3. If an answer entirely fails to show a defence to the plaintiff's action, it may be stricken out, on motion.

## APPEAL from Franklin Circuit Court.

### STATEMENT OF THE CASE.

This is an action brought on a note executed by one C. D. Kanada, and defendant, as follows:

"One day after date, we or either of us promise to pay to J. McDonald, adm'r of the estate of Huntington dec'd, sixty dollars and ninety cents, with ten per cent. interest, from date until paid. This 2nd day of January, 1844.                C. D. KANADA,
                                                            A. W. JEFFRIES."

The defendant filed an answer to plaintiff's petition, stating

1st. That he did not owe the sum of money sued for, or any part thereof.

2nd. That he notified McDonald in his life time, to sue Kanada, and the parties liable on the note.

3d. That said note afterwards came into the possession of Samuel Kennett, who declared that he was agent for Huntington and McDonald, and that defendant required said Kennett more than three years before the death of Karada, to sue Kanada and the parties liable, and said Kennett afterwards saw Kanada, and received new promises, &c., and finally failed to sue Kanada, or use any diligence to try to collect said note.

4th. That said defendant was only security to said note.

5th. That said Kennett as agent and attorney for said plaintiff accepted said notice as sufficient, and did not object in any wise to its sufficiency, and that defendant would have given notice in writing, had it not been that defendant had requested said Kennett and plaintiff to sue, and that they promised that suit should be instituted, unless the debt was paid; and that defendant gave himself no further trouble about it; and also, that Kennett received the notice as sufficient, without its being reduced to writing, or else he would have notified in writing.

Plaintiff moved the court to strike out said answer, because it did not state facts amounting to a defence to this action, which motion was sustained by the court, and the answer was stricken out; and the court proceeded to give judgment for the plaintiff, to which opinion and decision of the court, striking out said answer, and giving judgment for plaintiff, defendant by his attorney excepted, and applied for an appeal, which was granted.

## C. Jones for appellant, insists,

st. That the answer was good and that the court erred in striking it out.

2nd. That it is in the power of a party to waive notice in writing; even if such notice was required by law to be given, to sue parties liable to be sued on the note.

3rd. That if a party assent to the sufficiency of a notice, although not in writing, as required by law, he cannot take advantage of such waive, and insist upon notice in writing.

4th. That giving time to the principal, without the assent of the security in the note, discharges the security : See Starkie's Evidence, 2 vol. p. 776, 777, 778.

5th. That the failure to sue the parties liable on the note, by the principal, and also by the agent, after notice given by the security to institute suit, discharges security.

See Rev. Slats. on subject of securities.

KENNETT for respondent, insists,

1st. That the circuit court did not err in striking out the answer of the defendant, because said answer did not aver that defendant had given notice in writing to plaintiff, requiring him to sue. See Rev. Stats., p. 998 and 999, sec. 1, 2 and 3.

2nd. That the averment in said answer, that the defendant requested plaintiff's agent to sue, and that said agent accepted said notice as sufficient, without requiring it to be in writing, is no defence to the action, because the notice should have been given to plaintiff and not to his agent, and should have been in writing.

RYLAND, J., delivered the opinion of the Court.

The question in this case involves the propriety of the ruling of the court below, in sustaining the motion of the plaintiff, to strike out the defendant's answer.

The defendant's counsel contends, that the answer was good and sufficient, and that the court erred in sustaining the motion to strike it out. He contends, that it is a good defence, for a security in a note to show that he gave verbal notice to the plaintiff's agent, or attorney, to sue on the note, and that the agent neglected or failed to sue.

The answer in this case sets forth no facts, amounting to a defence in law, to the plaintiff's petition. The defendant's facts might all have been admitted, and still they would not have entitled him to a judgment.

The general averment that he did not owe the money sued for, or any part thereof, is not sufficient under the new code; he must answer the plaintiff's petition, by stating facts. He will not be permitted to plead generally, nil debit, on assumpsit. His answer must state the facts which he relies on as a defence to the petition of the plaintiff.

The statute authorising any person bound for another, in any bond, bill or note, for the payment of money, or property, as security, to give notice to the person having the right of action, forthwith to commence suit against the principal debtor, and other parties liable, requires the notice to be in writing; and the service of the notice to be on the person having the right of action on the instrument, personally, or by leaving a copy at his usual place of residence, with some white person of the family over the age of fifteen years.

The notice spoken of in the answer, was a verbal notice; it was given to the attorney or agent of the plaintiff, and because he was

prudent or cunning enough to make no objection to the notice, the defendant takes it for granted that he accepted it as sufficient. He was not the person upon whom motion to sue was to be served, in order that upon a failure to exonorate the security, under the terms of the statute.

The security is held strictly to pursue the terms pointed out by the statute, before he can be discharged. The answer of the respondent was, in the opinion of this court, properly stricken out. No better mode is perceived to get clear of an answer, failing entirely to show a defence to the action. To strike it out is the shortest and the quickest mode.

The judgment below is affirmed, the other Judges concurring.