Hagan v. Burch.

HAGAN *v.* BURCH.

| 8 | 309 |
|---|---|
| 93 | 29 |
| 8 | 309 |
| 101 | 521 |
| 8 | 309 |
| 103 | 223 |

ATTACHMENT. The petition, affidavit for the writ, and attachment bond, were filed on the 29th day of November, 1857, and the writ issued the same day. The original notice was dated the 30th of November, and received by the sheriff on the same day. The defendant moved to quash the writ of attachment, because it was issued before the commencement of the action, which motion was overruled; *Held,* That the motion was properly overruled.

When a petition is filed, an action is so far commenced, that a writ of attachment may issue, before the original notice is placed in the hands of the sheriff for service.

Under the system of pleading provided by the Code, there is no general issue, and a party is required to plead whatever defense he may have.

Where in an action for work and labor, &c., the defendant pleaded, first, a denial of the cause of action, and, secondly, payment; and where on the trial, the defendant offered to prove, "that the money sued for, so far as the plaintiff has any claim, was not due at the commencement of the suit, which being objected to, was rejected by the court, upon the ground that the defendant "offered to prove this fact by a special contract;" *Held*, That the defendant should have pleaded the contract specially, and that the evidence was properly excluded.

*Appeal from the Henry District Court.*

WEDNESDAY, APRIL 13.

ACTION on an open account, for the price of work and labor, and boarding, commenced by attachment. The petition, affidavit for attachment, and attachment bond, were filed on the 29th of November, 1857, and the writ of attachment was issued the same day. The original notice is dated the 30th, and the sheriff's memorandum shows that he received it that day. The defendant moved that the writ of attachment be quashed, because it was issued before the commencement of the action, which motion was overruled.

The defendant answered: *First.* That he did not owe ; and, *Secondly.* Payment. On the trial, he offered to prove "that the money sued for, so far as the plaintiff has any claim, was not due at the commencement of the suit." This being objected to, was rejected by the court, upon the ground, as the bill of exceptions shows, that defendant " offered to prove this fact by a special contract," and the court held that he could not prove such a special contract, under the issues made by the answer.

*David Rorer,* for the appellant.

*Palmer & McFarland,* for the appellee.

Hagan v. Burch.

WOODWARD, J.—The defendant's motion to quash the attachment was overruled, which is the first error assigned. We do not think the objection substantial. Section 1717 of the Code, directs the sheriff to note on the original notice the time of its receipt, and section 1663 enacts that the delivery of the notice to the sheriff, with the intent that it be served immediately, is a commencement of the action. But it will be noticed that this latter provision, is contained in the chapter (99) which relates to the limitation of actions. The intention here is, that when the precise time of the commencement of an action becomes material, the fact referred to in section 1663, is made to define that time. The filing the petition, or the issuing the notice, might have been made the point, but these might take place without an intent to prosecute the action immediately, so that delivering the notice with intent to be served, is made the time to which to reckon, especially in the question of limitation. The action may, however, be fairly considered as begun, for other purposes, and, perhaps, to all common intents and purposes, when the petition is filed. At least, it seems consistent and reasonable to consider it so far commenced, as that part of its own process—such as a writ of attachment—may issue even before the notice. There is no harm, no wrong, effected by this. In truth, there is no possible reason why the attachment should not issue before the notice, save the provision that the attachment may issue at the commencement, or during the progress of a suit. Section 1846. And the force of this, depends upon the construction to be given it. If sections 1663 and 1846, are to receive a rigid construction, so that there is no "commencement" of an action in any sense, nor to any purpose, but in the delivery of the notice, with intent to be served, then the writ of attachment cannot issue before the notice, and in the case at bar, it is irregular, and must be quashed. But such a construction does not appear to us necessary, and the attachment was well enough issued after the petition was filed, and before the no-

tice.   This course would compel the plaintiff to serve his notice, before the next term of the court; for, if this should not be done, the attachment would then be quashed, of course, and the party suing it out, would render himself liable on his bond, for suing out and levying an attachment without prosecuting an action.

We do not intend to intimate here, that there may be any unnecessary delay, but the several steps should appear to be parts of the same transaction and proceedings.

In the present case, there is another fact which strengthens the position above taken.   The attachment was sued out on Sunday, and the affidavit required by statute in such case, is made.  Those things which were requisite for obtaining the attachment on that day, were done, and none others, the party probably supposing, that the issuance of process, or notice, would be illegal.   This was issued, and put into the officer's hands the next day, which was as soon as was practicable.   The case stands upon its own facts, and can scarcely serve as a precedent for one in other circumstances.

The other error assigned, relates to the exclusion of the evidence offered by the defendant.   There would probably be little doubt of the admissibility of this evidence under the plea of *nil debet*, at common law ; but under our present system, there is no general issue.   The party is to plead what defense he intends.  In the present instance, he should have pleaded the contract specially, and the court did not err in the ruling upon it.

The judgment is affirmed.