SANFORD G. BAKER AND JAMES J. BRIM, ADMINISTRATORS OF
THE ESTATE OF GEORGE BRIM, DECEASED, *v.* ELIJAH KEL-
LOGG AND I. C. NICKOLS.

1. In order to render a party incompetent as a witness under section 313 of
the civil code, as amended March 23, 1875, on the ground that the ad-
verse party is a guardian, trustee, executor, administrator, heir, grantee,
or devisee, the parties must be adverse in *interest*, and not merely in
their nominal *status* in the case as plaintiffs or defendants, and, there-
fore, in an action by an administrator upon a promissory note made by
two parties defendant, where only one of them sets up any defense, the
other is a competent witness for his co-defendant.

2. In order to discharge a surety from liability, under the provisions of the
statute for the relief of sureties and bail (S. & S. 741), the written
notice given by him to the creditor must contain an unconditional
requirement to commence an action forthwith; and a notice that the
surety "wishes" the creditor "to proceed against the principal debtor,"
and collect "the claim, or have it arranged in some way," and that
the surety does "not wish to remain bail any longer," is not suffi-
cient.

3. Where the claim is in favor of an estate, and there are several adminis-
trators or executors, a service of the notice upon one of them is suffi-
cient.

MOTION for leave to file a petition in error to the District
Court of Sandusky county.

The plaintiffs in error brought their action against the
defendants in error upon a promissory note made by the
defendants to the intestate for the sum of $400. Nickols
made no defense. Kellogg answered, setting up as a de-
fense that he signed the note as surety, and that after the
note became due he had served upon the plaintiffs a written
notice requiring them forthwith to commence an action on
the note, and that the plaintiffs did not bring the action
within a reasonable time thereafter. Issue was taken upon
this answer, and the cause was tried by a jury.

On the trial, Kellogg offered his co-defendant Nickols as a witness, and proposed to prove by him that Kellogg was surety on the notes. The plaintiffs objected to Nickols as a witness, on the ground that he was incompetent under the 313th section of the civil code, being an adverse party, and the plaintiffs being administrators. They also objected to the testimony proposed to be given, on the ground that it was not competent to prove Kellogg's suretyship by parol. Both objections were overruled, and the witness and his testimony admitted; to which the plaintiffs took exception.

Kellogg then offered in evidence the following notice, with proof of its service upon the plaintiff Parker, some nine months prior to the commencement of the action :

"MR. S. G. PARKER—*Dear Sir :* I wish you would proceed against I. C. Nickols and collect that note on which I am bail, belonging to Mr. Brim's estate, or have it arranged in some way to release me, as I do not wish to remain his bail any longer.        Yours truly,        E. KELLOGG."

This evidence was objected to on the ground of the alleged insufficiency of the notice. The court overruled the objection, and afterward instructed the jury that the notice was sufficient, and that the delay to bring the action for nine months after the service of the notice was an unreasonable delay. To all which the plaintiffs excepted.

The jury found for the defendant Kellogg, and judgment was entered in his favor. The judgment was affirmed in the district court, and the plaintiffs now seek to reverse the judgment of both courts, on the ground that the court erred in its rulings as to the evidence, and in its instruction to the jury.

*John M. Lemmon* and *J. L. Green & Son,* for the motion.
———, contra.

WELCH, C. J. In our judgment the court did not err in admitting Nickols as a witness. There was no controversy between him and the plaintiffs. In order to render a party

incompetent as a witness under section 313 of the civil code (as amended March 23, 1875, 72 Ohio L. 77), the parties must be adverse in *interest,* and not merely in their nominal *status* in the case, as plaintiffs or defendants. Here the only issue in the case was between the plaintiffs and Kellogg, and the fact that Nickols was joined with him in the action is no good reason why he should be deprived of the benefit of Nickols' testimony.

As to the question of the admissibility of parol evidence to prove the suretyship, it is only necessary to say that we deem the law well settled, at least in this state, that such evidence is competent.

The remaining questions are, whether the notice given by Kellogg is such as the statute requires, and whether its service upon only one of the administrators was sufficient. We have no hesitation in answering the latter question in the affirmative. We see no good reason for requiring notice to more than one of the administrators in such a case, than there is for requiring notice to more than one of several joint contractors. In both cases, we think, notice to one is notice to all.

But does the notice itself contain what is required by the statute? We think not. The statutory notice is to be one which shall "require" the creditor "forthwith to commence an action" against the principal debtor. The requirement must be *unconditional;* it must be a requirement to proceed by *action,* and to proceed *forthwith.* These statutory elements are not contained in this notice. It is the mere expression of a "wish" that the creditors would "proceed," in some way, to "collect" the debt, "*or* have it arranged in some way." In view of the fact that the statute provides for the release of a party from a fixed legal liability —from the payment of a debt which he justly owes—its requirements should be at least substantially, if not strictly and literally complied with. We think, therefore, that the court erred in holding this notice sufficient. For this error the judgments of both courts must be reversed.

*Judgment accordingly.*