## SAMUEL T. BARTLETT

*v.*

## JOHN CUNNINGHAM.

1. INSTRUCTIONS—*as to degree of evidence.* Where the defendant pleads two special pleas, in substance presenting the same defense, so that proof of the one is sufficient to sustain the other, there is no error in instructing the jury that the defendant is bound to establish the facts set up in his special pleas by a preponderance of evidence, as it can not mislead.

2. SAME—*as to matters not in issue.* There is no error in refusing an instruction based upon a fact not put in issue by the pleadings.

3. SURETY—*of the notice to sue, to discharge.* To release a surety, under the statute, satisfactory proof must be made, of a notice in writing, by him to the holder of the obligation, to put the same in suit, and a refusal or neglect to do so. Proof of the delivery of such notice to an agent of the holder, and that the agent told the holder of the fact, is not sufficient.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. RICE & MILLER, for the appellant.

Mr. E. LANE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This action was brought by John Cunningham, upon a promissory note executed by L. P. Deatherage and Samuel T. Bartlett. Deatherage interposed no defense to the action, and judgment by default was rendered against him. Bartlett set up as a defense, that he signed the note as surety, and on the 9th day of July, 1874, he served a notice, in writing, upon Cunningham, to collect the note immediately, which he failed

to do, and in consequence of a failure to bring suit in apt time, he was released.

Upon a trial of the issues before a jury, Cunningham obtained a verdict and judgment against both the makers of the note, to reverse which Bartlett appealed.

It is first claimed by appellant, that the verdict of the jury was contrary to the preponderance of the evidence, and upon that ground the judgment should be reversed. We have given the testimony a careful consideration, but have failed to arrive at the conclusion that the jury, by their verdict, disregarded the clear weight of the evidence. The controverted question of fact, on the trial of the cause, was, whether appellant had served a notice in writing upon appellee, to collect the note. It was not claimed that a notice was delivered, personally, to appellee, but the notice was alleged to have been delivered to the agent of appellee, a Mrs. Coats. She, however, testified she was not appellee's agent, and much other evidence was introduced tending to prove the same thing. Again, appellee introduced evidence, very convincing in its character, to prove that the notice which was delivered to Mrs. Coats was not a notice to appellee to collect the note. Whether any notice was ever served upon appellee, or whether he was notified to institute suit upon the note, were questions, purely of fact, for the jury. The evidence bearing upon these questions was very conflicting, and, under the uniform decisions of this court, the finding of the jury will not be disturbed, where the record contains evidence upon which it may be predicated. The appellant also urges a number of objections to the decision of the court on instructions. The first one given for appellee is objected to, because it tells the jury the defendant is bound to establish the facts set up in his special pleas by a preponderance of the evidence, when, as is claimed, if either plea was proven, the defense was established. We perceive no merits in the objection. The two special pleas filed by the appellant were, in substance, alike, and issue was taken upon both. While the wording of the instruction may not be strictly accurate, yet it could not mislead the jury. If the evidence of

appellant was sufficient to establish one of the pleas it would also prove the other.

Objections, of a technical character, are urged against appellee's second, third, fourth and fifth instructions, but we perceive no merit in any of them. The instructions contain no substantial error. The court refused three of appellant's instructions, and this is relied upon as error. The substance of the first one refused is contained in instruction number one, given, and the court could not be required to give duplicate instructions. As to the second refused instruction, the point attempted to be presented by it was not in issue. The appellee made an effort to present the issue by a replication to one of appellant's special pleas, but the court sustained a demurrer to it. As the solvency or insolvency of Deatherage was not, therefore, strictly involved, we perceive no good purpose the instruction could serve in the case. As to the third instruction, we are of opinion it was properly refused. If it be true that a written notice was delivered to Mrs. Coats, and she told appellee of that fact, we can not hold that would meet the requirements of the statute, which provides that a notice in writing shall be given. It is a simple matter for a surety on a note to serve a written notice on the holder to put the note in suit, and preserve clear and satisfactory proof of the fact that notice in writing was given, and we are of opinion, before a party to a note should be allowed to release himself from an obligation voluntarily assumed, he should be required to prove by clear and unmistakable evidence, that he has fully complied with the statute in this regard. Appellee may have been told by Mrs. Coats, that appellant desired the note sued, but such fact will not release appellant. If he, in good faith, desired suit upon the note—which, however, would have availed nothing, as Deatherage was insolvent when the note was given, and continued in the same condition—he should have prepared a notice in writing, in duplicate, and delivered it, in the presence of a witness, to appellee in person. Had this course been pursued, appellant would have been in a position to rely upon the defense given by the statute.

As the judgment will have to be affirmed, a consideration of the cross-errors will not be necessary. The judgment will be affirmed.

*Judgment affirmed.*