Owen, O. J.
Three alleged errors are assigned as grounds of reversal of the judgments below.
1. That the facts found by the court did not warrant the conclusion that the letter of Elory & Havens to the plaintiff, dated October 14, 1878, notifying it to commence an action on the note, etc., was received by-the plaintiff October 17, 1878, or at all.
2. That the court erred in finding that such letter was sufficient notice under the statute authorizing notice by surety to the holder of a note to commence action, etc.
3. That, even if the notice was sufficient, the court erred in finding that the plaintiff did not, within a reasonable time, commence action on the note.
I. Assuming that the finding is based solely upon the facts stated by the court, it is evident that it proceeded upon the presumption that the alleged notice reached the plaintiff by due course of mail. We have in the record, however’, a further admitted fact.
The company alleges, in its l’eply to an answer of Flory & Havens, filed in the case, that this letter “ was mailed at Newark, Ohio, on or after the date thereof, October 14, 1878, and in due course of the mail taken from the post-office at West Meriden, in the state of Connecticut, by some one for said plaintiff corporation, but who plaintiff *435 can not state, or when it came to the notice of the officers or directors of said corporation.”
If this letter was taken from the post-office by some one “for the corporation,” this was equivalent to its receipt by the corporation. It was not necessary that such person should have been either an officer or director. If he was a stranger, or had no authority to receive it, there was no warrant for the statement that it was taken from the post-office for the corporation.
There was no error in this finding of the court.
II. Was the notice insufficient in law in that it was conditional ?
Section 5833, Revised Statutes, provides that a surety in such a case may “ require his creditor, by notice in writing, to commence an action on such instrument forthwith, against the principal debtor,” etc. It was held in Baker v. Kellogg, 29 Ohio St. 663, cited and relied on by plaintiff, that the notice under this provision “ must contain an unconditional requirement to commence an action forthwith; and a notice that the surety ‘wishes’ the creditor ‘to proceed against the principal debtor ’ and collect ‘ the.claim or have it arranged in some way,’ and that the surety does ‘ not wish to remain bail any longer,’ is not sufficient.”
The notification in the case at bar -was qualified with no condition. True, the sureties said : “If you hold any note signed by O. M. Rider and ourselves, C. M. Rider is the principal and we are only his sureties,” etc. There was but one note in question. There could have been no doubt at all concerning the note to be put in suit. The plaintiff was then urging its payment by the defendants. But the notice then continues: “And we notify you to commence an action on the note forthwith, and proceed to collect it.” Here was no condition, and there was substantial compliance with the statute. This is sufficient. Clark v. Osborn, 41 Ohio St. 28. The requirement of the notice was unmistakable. There was no error in finding it to be legally sufficient. Technical accuracy is not required. It is sufficient if the notice is positive and the creditor is not *436 misled. Brandt Suretyship, sec. 504; Routen v. Lacy, 17 Mo. 399.
III. Section hSM, supra, further provides that unless the creditor receiving the notice “ commence such action within a reasonable time thereafter, and proceed with due diligence, in the ordinary course of law, t‘o recover judgment against the principal debtor for the money . . . and to make, by execution, the amount thereof, the creditor . . . so failing to comply with the requisition of such surety, shall thereby forfeit the right which he would otherwise have to demand and receive of such surety the amount due thereon.” The notice was received on the 17th of October, 1878. Suit was not commenced until January 23, 1879. The court found, as a conclusion of law, that the plaintiff did not commence action upon the note within a reasonable time after notice. Did the court err in this? We may take judicial notice of the fact that the January term of the court in which the action was brought commenced January 6, 1879. How far this fact entered into the consideration of the trial court, or whether that court considered the length of the next prior term, does not appear. We consider the question in the light of the facts found and stated by the court.
The plaintiff was a Connecticut corporation. It held the note of these parties residing in Ohio. This note being unpaid at maturity, the plaintiff caused it to be protested for non-payment. It then demanded payment of these defendants in error. They at once notified it that they were sureties for the first named maker who was able to pay his own notes, and required that it commence an action on the note forthwith and proceed to collect it. After a lapse of two months and eight days from the notice the principal became insolvent. After the lapse of three months and six days from the notice, action was commenced.
We are asked to say that the court ought to have found, and erred in not finding, that this fully answered the ■'equirement of a statute providing for notice to commence suit forthwith, that such suit be commenced within a rea *437 sonable time thereafter, aud with clue diligence proceeded with, etc.
We can not say this. We attach no importance, however, to the question of solvency or insolvency of the principal. The statute is not qualified by such considerations. It is imperative. It leaves no discretion with the creditor. It is the surety’s right to require that action be brought and diligently proceeded with, that a test may be made of the principal’s ability to pay.
The terms “reasonable time” and “due diligence ” are to be construed with, -and in the light of, the term “forthwith” to be used in the notice to commence the action. Reid v. Cox, 5 Blackford, 312; Overturf v. Martin, 2 Ind. 507; Miller v. Childress, 2 Humph. 320; Brandt on Suretyship, sec. 511; Garratt v. Eliff, 4 Humph. 323.
The case of Davis v. Hatcher, 10 Am. Law Reg. (N. S.) 519, described by the United States-'circnit court for southern district of Georgia, is cited as authority for the proposition that “the omission of the creditor to sue a principal residing in another state could not, under any circumstances, as between him and the surety, make him chargeable with gross negligence.” In that case the surety resided in Georgia, while the principal resided in Alabamá. It was simply held that the plaintiff need not go to the latter state to bring action against the principal. In the case at bar the sureties and the principal were all within the same j n risdiction. The plaintiff was compelled to come within that jurisdiction to sue either of them. There is nothing in the principle of the case last cited, nor in the fact that the plaintiff resided in another state, that excused it from obeying the requirement of the statute and of the notice. No hardship was imposed upon the plaintiff which was not contemplated by the statute. The third assignment of error is not well taken. The position, contended for by plaintiff in error, that the statute does not apply to the note in suit for the reason that there was nothing on the face of it to indicate the fact of surety-ship, is untenable. In Baker v. Kellogg, 29 Ohio St. 663, cited supra, where the same defense was interposed by the *438 surety as in the ease at bar, there was nothing on the face of the note to indicate suretyship. It was held that parol evidence was admissible to prove that fact. The surety was discharged. There is no error in tne judgments below.

Judgment affirmed.