WATSON ET AL. V. LEMEN.

1. In an action on a promissory note under the statute (section 66, Code), a failure to verify the answer, the complaint being unverified, does not prevent a trial of all material questions properly presented, save the genuineness and due execution of the note.

2. A traverse of the allegation in a complaint that the indebtedness is due, without denying the facts averred which show such maturity, is bad.

3. Under our present practice there is no general denial nor general issue. Each material allegation must be specifically traversed; nor is there any formal plea in abatement. Matters in abatement, unless appearing on the face of the complaint, must be set up by answer.

*Appeal from District Court of Arapahoe County.*

THIS action was originally begun in the county court by appellee, against appellants, to recover the principal and interest claimed to be due upon two promissory notes executed by the latter in favor of the former. These notes were set out *in hæc verba* in the complaint, and the complaint further averred that they were due and unpaid. Defendants answered, denying the genuineness and due execution of the notes, and also denying that *the notes were due.* A trial before the county court resulted in judgment for plaintiff, whereupon defendants appealed to the district court. In the latter court, on motion of plaintiff, judgment was rendered in his favor upon the pleadings, defendants being denied the right to controvert by proof any averment of the complaint. Plaintiff relied, in support of his motion to dismiss, upon the closing portion of section 66, Code Civil Procedure, which reads as follows: "When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the answer denying the same be verified." Neither the complaint nor the answer

was verified. From the judgment in the district court the present appeal was taken.

Messrs. HARMON and COVER, for appellants.

Mr. ENOS MILES, for appellee.

HELM, J. Under the statute, in order to present issues upon the genuineness and due execution of the instruments copied into the complaint, the answer should have been verified. Therefore, in so far as these issues are concerned, the ruling of the district court was unquestionably right. But the answer also denies that the notes were due, and the only question presented to us for consideration is the effect of this denial. The failure to verify the answer, the complaint being unverified, only estopped defendants from attacking the genuineness and due execution of the notes in controversy. The statute did not operate to prevent them from trying other material questions that may have been presented by proper allegation and denial in the pleadings. It was consistent with the admission that the notes were genuine and duly executed to aver and prove that the dates of maturity appearing therein had been changed. Did the pleadings in the case at bar properly present such a question for trial?

No cause of action exists unless the indebtedness sued for is due. It is therefore necessary, in actions like the one at bar, that the complaint should sufficiently cover this subject. But while this is true, it is also true, especially under code procedure, that the maturity of the indebtedness, like everything else material to a recovery, should be shown by *facts stated*. It is not enough for plaintiff to simply aver that the indebtedness *is due*. Such averment is the statement of no fact. It is, on the contrary, the declaration of a mere legal conclusion, drawn from facts that should themselves be pleaded.

*Frisch v. Caler,* 21 Cal. 71; *McKyrng v. Bull,* 16 N. Y. 297; Bliss, Code Pl. § 213.

But it is a well-known general rule of pleading that the statement and denial of pure conclusions of law, *i. e.,* those unmixed with conclusions of fact, present no issue for trial. To traverse the allegation that the indebtedness is due, without denying the facts averred which show such maturity, is vicious pleading. It leaves the question of maturity wholly admitted. A good illustration of this fault is furnished by the case at bar. Defendants, as we have seen, by failing to verify their answer, admitted the genuineness and due execution of the notes as pleaded. This admission covered the whole tenor and effect of the instruments. *Burnett v. Stearns,* 33 Cal. 468. But according to the tenor thereof, the indebtedness represented thereby was due. Defendant, therefore, simply denied a legal conclusion, while admitting the facts upon which it was based. If, through collateral, contemporaneous or subsequent valid agreements, the time of payment stated in the notes was extended, it is evident that the agreements for such extension were new matter and should have been specifically pleaded in the answer.

That the right of action had not accrued when the suit was commenced is ground for plea in abatement at common law; but, according to Prof. Pomeroy, "all defenses which are analogous to the ancient pleas in abatement,— that is, all which are based upon the same facts,— are evidently new matter. They cannot be proved under the general denial, but must be specifically pleaded." Pom. Rem. §§ 697, 711; *Hargan v. Burch,* 8 Iowa, 309. It is true that at common law this question was frequently tried under the general issue (Gould, Pl. § 138; *Monro v. King,* 3 Colo. 238; *Heaton v. Myers,* 4 Colo. 59); though such proceeding in actions of *assumpsit* was highly illogical and was finally repudiated in England. See *McKyrng v. Bull, supra.* At present, however, there is no such thing known to our system of pleading

as the "general issue." Neither have we any "general denial," as have New York, California, and some of the other code states. Under our procedure each material allegation must be specifically traversed. Civil Code, § 61; *Alden v. Carpenter*, 7 Colo. 87. And all matters in abatement, unless appearing on the face of the complaint, are with us pleaded by answer in precisely the same manner as are matters in bar.

With reference to the case of *Davanay v. Eggenhoff*, 43 Cal. 395, relied upon by appellants, we have this to say: *First*. A careful reading of the opinion shows that decision to have rested upon the question of *payment*. The complaint averred that the note remained due and unpaid. Defendant pleaded a general denial. This the court held sufficient to make an issue on the matter of *payment*. The subject of maturity, which is wholly distinct from that of payment, was not considered. *Second*. In California, where actions are brought upon promissory notes, it is held necessary for plaintiff to expressly aver the fact of non-payment. The rule is different in all other code states wherein the question has been considered; though in them, if plaintiff does make the averment, a denial thereof, general or special, as their respective statutes provide, authorizes defendant to introduce proof of payment. Pom. Rem. § 710. Therefore that case would, at most, only be authority in appellants' favor, had they traversed by answer the averment of non-payment, which they did not do.

It follows from the foregoing views that under the pleadings defendants were not entitled to offer evidence disproving the maturity of the indebtedness sued upon. The district court committed no error in rendering judgment for plaintiff without a trial.

*Affirmed.*