## GALE v. JAMES.

1. Plaintiff, in an action to recover for labor and services, pleaded the common count. The answer denied that defendant "owes the plaintiff the sum of $294.50 [the amount sued for], or any sum whatsoever, on account or otherwise." *Held*, that this was merely a denial of a legal conclusion, insufficient under the code practice, and that plaintiff was entitled to judgment.

2. To a complaint alleging that defendant was indebted to plaintiff in the sum of $294.50 for labor and services, defendant, without making any sufficient denial of the allegations of the complaint, answered that he, together with others, was jointly interested in working a mine, and that they jointly, and not otherwise, employed plaintiff therein, "and that there is now due said plaintiff for said work and labor, from this defendant and his said joint owners," a balance of $219.50. *Held*, that the answer was merely an attempted plea in abatement; that there was nothing to indicate that the work and labor therein mentioned was the same as alleged in the complaint; and that there was no error of which defendant could complain in rendering judgment for plaintiff on the pleadings for $219.50.

3. The right to complain of the court's ruling in striking an answer from the files is waived by filing an amended answer.

4. In determining the sufficiency of an answer, the fact that a replication was filed cuts no figure, where the replication was, by leave of court, withdrawn before motion for judgment.

*Appeal from Boulder County Court.*

THIS was an action to recover for labor and services rendered, brought by W. T. James against Dennis Gale.

There was judgment for plaintiff on the pleadings, and defendant appeals.

Messrs. OWEN and STIDGER, for appellant.

DE FRANCE, C.   The appellee James sued the appellant Gale to recover the price and value of certain labor and services alleged to have been done and rendered by the former, between certain dates, and in the capacity of a mining foreman, for and at the special instance and request of the latter. After alleging the amount sued for to be less than $2,000, the complaint proceeds as follows: "That the defendant is indebted to the plaintiff in the sum of $294.50, and interest thereon at ten per cent. per annum from the 7th day of September, A. D. 1883, over and above all set-offs and counter-claims, on an account for work, labor and services as a mining foreman, performed by the plaintiff for the defendant, at the special instance and request of the defendant, in Boulder county, Colorado, between the 1st day of November, A. D. 1882, and the 7th day of September, 1883, both days inclusive; that no part of said sum or the interest thereon has been paid, though the principal became due September 7, 1883.   Wherefore the plaintiff demands judgment against the defendant for the sum of $294.50, and interest thereon from September 7, 1883, and costs of suit."   The original answer of the defendant was stricken out upon motion of the plaintiff, and an amended answer was filed, which is as follows: "The defendant, answering to the plaintiff's complaint, says: (1) He denies that he owes the plaintiff the sum of $294.50, or any sum whatsoever, on account or otherwise. (2) That he, together with Alex. Von Wendt, Thomas L. Drake and Milo A. Smith, were jointly interested, and not otherwise, in working and mining upon a lode called the 'Alamakee,' situated in said county and state, and that as such joint owners, and not otherwise, they employed plaintiff to work and labor for them on said mine, and that there is now due said plaintiff for said work and

labor from this defendant and his said joint owners the sum of $244.50, less a bill for lumber furnished said plaintiff, to be deducted from said sum of $244.50, amounting to $25, making the total amount due said plaintiff as aforesaid $219.50. (3) That the said Alexander Von Wendt, Thomas L. Drake and Milo A. Smith are still living." After the filing of this amended answer the plaintiff moved the court for judgment. This motion was granted, and a final judgment was thereupon rendered against the defendant in favor of the plaintiff for the sum of $219.50, and for costs of suit, from which judgment the defendant has appealed to this court. The ruling of the court in striking the original answer from the files is assigned for error. The right to complain of this ruling was waived by filing an amended answer. The action of the court in rendering final judgment is also assigned for error, and this embraces all the errors which have been assigned, except the one disposed of above. The motion upon which final judgment was rendered is not incorporated in the bill of exceptions, yet it is but fair, perhaps, to presume that it was based upon, and is therefore a judgment upon, the pleadings.

Whether this judgment should be reversed or affirmed depends upon the sufficiency or insufficiency of the amended answer. This answer partakes of the nature of a plea in abatement. Our Code of Civil Procedure recognizes no plea in abatement as such, but subject-matter of that nature may be set up by way of answer. The first paragraph of this answer is but a denial of a conclusion of law. Such conclusion involves no element of fact, and therefore presents no issue. Pom. Rem. § 637 *et seq.; Lightner v. Menzel,* 35 Cal. 453; *Millard v. Baldwin,* 3 Gray, 484; *Sapington v. Jeffries,* 15 Mo. 628; *Telegraph Co. v. Patterson,* 1 Nev. 151; *Baker v. Cordwell,* 6 Colo. 199; Bliss, Code Pl. § 334; *Watson v. Lemen,* 9 Colo. 200. The liberal construction for pleadings provided by the code does not mean that courts shall supply

a pleading bodily, or any substantial averment which
may be wanting, or that they shall overlook or disregard
the omission of a substantial averment. *Spear v. Down-
ing*, 34 Barb. 523; *Cruger v. Railroad Co.* 12 N. Y. 201.
The plaintiff used the common count for the complaint.
This is permissible under our practice. Code, 1877, § 64;
Bliss, Code Pl. § 299; *Leitensdorfer v. King*, 7 Colo. 436.
A denial simply of the legal conclusion stated in the
common count, without denying the facts from which
such conclusion is derived, does not fulfill the require-
ments of our code practice. *Watson v. Lemen*, 9 Colo.
200; Bliss, Code Pl. § 334. And this is especially true if
the effect or sufficiency of such denial be questioned by
demurrer, or by motion, as in this case before trial or
verdict, as a stricter rule of construction is then de-
manded. *White v. Spencer*, 14 N. Y. 247; *St. John v.
Northrup*, 23 Barb. 26; *Wall v. Water-Works*, 18 N. Y.
119; *Lounsbury v. Purdy*, id. 515; Bliss, Code Pl. § 334.
The subject-matter of the defense set up in this case being
purely that of abatement, still less liberality of construc-
tion should be indulged, as such matter is of a dilatory
nature. The answer in this case is a mere nullity, if the
denial in the first paragraph is to be given no force; and
it is not entitled to any force upon reason or authority.
The answer does not show the cause of action therein
stated to be the same as that stated in the complaint.
This is a necessary averment to make it a good answer.
The court cannot overlook this omission. The denial
contained in the first paragraph should not be given the
effect of supplying such omission. For aught that appears
in the answer, the cause of action therein stated, and
that stated in the complaint, may both have existed in
favor of the plaintiff at the time this suit was brought.
It is no more effective as an answer than though the de-
fendant had stated instead thereof that he and others
were jointly indebted to plaintiff for goods sold and de-

livered, or on any other account than that named in the complaint. The fact that both were for work and labor only makes them similar to that extent, or in that particular. It does not appear that it was for the same work and labor. In construing pleadings the same degree of liberality is not to be applied in all cases, but reference should be had to the character of the pleadings, as well as to the time and mode in which their sufficiency may be called in question. Nothing is to be drawn from the fact that a replication to the answer was filed in this case. It was afterwards, and before motion for judgment, withdrawn by leave of court, and the record stands as though such replication had never been filed. Nor does the fact that judgment was rendered for less than the plaintiff asked avail the defendant, as that was an error of the court committed in his favor. What the plaintiff or the court below may have thought, said or done in respect to this answer is not of sufficient potency to control this court upon the question of its construction, and has no bearing whatever in that respect. *Hall v. Rockwell,* 8 Colo. 103. Our system of practice is equally liberal in regard to amendments of pleadings as in the matter of their construction. The defense here is of a dilatory character, and was attacked by motion. No leave of court was asked to amend the same, but the defendant elected to stand by his answer as it was. Should he now be heard to assail a judgment which is the result of his own negligence? All proper and legitimate intendments must be indulged in support of such judgment. The defense sought to be interposed by the answer has but a single purpose: to abate the action or require others to be joined as defendants. The denial contained in the first paragraph, besides being insufficient for any purpose, was not necessary to such a defense. The answer can only be held good by giving force to this denial, and by giving to the language used a meaning which it does

not fairly import.    For these reasons the judgment should be affirmed.

Stallcup, C., concurs; Rising, C., dissenting.

Per Curiam.    For the reasons given in the foregoing opinion of a majority of the supreme court commissioners the judgment of the court below is affirmed.

*Affirmed.*