Burket, C. J.
If the title to the oil in the land in dispute, passed to Michael L. Deaver under the conveyance of the mining right from Francis G. Deaver, it is clear that plaintiffs in error acquired a right to the oil under the James W. Taylor lease; but if the title to the oil did not vest in Michael L. Deaver under that conveyance, the James W. Taylor oil lease vested no right to the oil in plaintiffs in error, and they would be driven to some other defense.
The conveyance in question, is what is usually known as a mining- right, and grants and conveys all the coal of every variety, and all the iron ore, fire clay and other valuable minerals in, on, or under the said lands. Do the words “other valuable minerals” include petroleum oil? The deed of the mining right was made in February, 1890, and it must be construed in the light of the oil *503 developments as they then existed in the vicinity of the lands.
Francis G. Deaver, the grantor in the mining right, resided in Wisconsin, and there is nothing to show that he had any knowledge of the existence of oil in or near these lands. Oil was then produced in small quantities within from ten to twenty miles of the lands, but there is nothing to show that the parties to the conveyance had any knowledge thereof.
Said mining right grants in perpetuity, the right “of mining and removing such coal, ore or other minerals, * * * with the right to the the use of so much of the surface of the land, as may be necessary for pits, shafts, platforms, drains, railroads, switches, sidetracks, etc., to facilitate the mining and removal of such coal, ore or other minerals, and no more. ” The incidents here granted are all such as are peculiarly applicable to the mining of minerals in place, and not to such as are in their nature of a migratory character, such as oil or gas. Nothing is said about derricks, pipe lines, tanks, the use of water for drilling, or the removal of machinery used in drilling or operating oil or gas wells.
A rule of construction in such' cases, which seems correct, is found in the following from The Law of Mines and Mining in the United States by Barringer and Adams, page Í31. “In determining what is included in a lease, the familiar rules of construction are applied. The grant is construed most strongly against the grantor. The whole contract must be considered in arriving at the meaning of any of its parts. Terms are to be understood in their plain, ordinary, and popular sense, unless they have acquired a particular tech *504 ideal sense by the known usage of the trade. They are to be construed with reference to their commercial and their scientific import. This rule is of especial importance when the question arises whether a specific mineral is included in a general designation.”
The words “other minerals,” or ‘‘other valuable minerals,” taken in their broadest sense, would include petroleum oil; but the question here is, did the parties intend to include such oil in the mining right? Taking all the terms of the conveyance in the light of the surrounding circumstances, and in view of the above rule of construction, and upon authority of the case of Dunham & Short v. Kirkpatrick, 101 Pa. St., 36, we conclude that the title to the oil did not pass under said conveyance, but remained in the owner of the soil, and upon his death passed to his heirs.
There is nothing to show that it was the intention of the parties that oil should be included in the word “minerals,” and the easements granted in connection with the mining right, are not applicable to producing oil, and show that oil was not intended to be included in the conveyance. If it had been, apt words would have been used to express such intention.
In the next place it is urged by plaintiffs in error, that the deed from the minor son and his guardian, is not sufficient to pass title to one-half of the land to defendant in error, and that therefore he is not the owner of that half, and has no right to have his title quieted thereto.
This might possibly be so as between the minor son and the defendant in error, but as between the defendant in error and a stranger, such title, when strengthened with possession, is sufficient to sup *505 port an action for the quieting of the title he has, even though such title should be only possessory. In an action to quiet title, if. the plaintiff shows peaceable possession under a conveyance, even though defective, and the defendant shows no title or right, the plaintiff is entitled to have his title quieted as against such defendant and those claiming under him.
It is also urged that the remedy sought by plaintiff below, was by way of forfeiture of the rights of the defendants below under the written instrument, and that a forfeiture should be first established by action at law, and not by an equitable action to quiet title.
The contract between the parties in this case was not a lease of the lands, but only a grant of the sole right to produce petroleum and natural gas for and during- the term of ninety days from that date, and as much longer as oil or gas should be found, operated and produced in paying quantities; and the parties to whom the grant was made covenanted to complete one well, in addition to the one already on said premises, in ninety days from said date, unavoidable casualties excepted. There were no casualties, hence the covenant was to complete one additional well in ninety days, the term of the grant.
No additional well was drilled, or attempted to be drilled within ninety days, and therefore at the expiration of that time the grant terminated by its own limitation. If one paying well had been completed within the ninety days, the grant would have been extended “as much longer as oil or gas is found, operated and produced in paying quantities. ’ ’ But where no well is drilled within the time ■ limited by the grant, the period of the grant is *506 not extended by the words, “and as much longer as oil or gas is found, operated and produced in paying quantities, ” and in such cases all rights to drill cease at the expiration of the time limited in the grant, in this case at the expiration of ninety days.
The plaintiffs in error having acquired no right to the oil under the James W. Taylor lease, and the grant to them for the production of oil having expired by its own limitation at the end of ninety days, they had no right whatever, as against the defen dant in er ror; and as they claimed some right, he was entitled to have his title quieted as against such unfounded claim, not by way of forfeiting the grant, but by reason of the expiration thereof by its own limitation.
With this view of the case, the petition is broad enough to entitle the plaintiff below to have his title quieted without a resort to the law of forfeiture, although it would seem that under the terms of the instrument, all the rights of the plaintiffs in error were forfeited by reason of the nonperformance of the covenants and conditions contained in the instrument.
It is further urged that the plaintiff below should pay back the one hundred dollars paid to him when the grant or lease was delivered. This sum was paid for the grant for the term of ninety days, and the grantees enjoyed the term without interruption, and the grantor has the right to retain and enjoy the price he received therefor. It is not a case of rescission or forfeiture, but of expiration of the term of the grant.
Again it is urged that the plaintiff below should be compelled to pay to the defendants below the amounts expended by them in drilling wells on the *507 land after the expiration of the grant, and after notice to them not to drill any wells on the land.
The defendants below drilled the wells on the lands of the plaintiff against his will, and after full notice from him not to drill, and in such case they drilled at their peril, and at their own expense, and are not entitled to be reimbursed by the owner of the land.
Some objection is made to the form of the notice and its service. The notice was addressed to all the defendants below, and was served by delivery to one of them on the premises at the well which had been drilled at the time the grant was made, and informed them that the lease expired that day, and notified them to keep off the premises. This was sufficient, and showed that he relied upon expiration of term, and not upon forfeiture.
The grant wa's to all four of the defendants below jointly, and a notice to one joint contractor is binding- upon all. Baker v. Kellogg, 29 Ohio St., 663.
There is no error in the record, and the judgment should therefore be affirmed.

Judgment affi/i^med.