## EVIDENCE — NEGOTIABLE INSTRUMENTS — EXECUTORS AND ADMINISTRATORS.

[Hamilton (1st) Circuit Court, January 20, 1906.]

Jelke, Swing and Giffen, JJ.

### THERESA J. WEHRMAN v. PAUL W. BEECH ET AL.

1. REVISED STATUTES 5242 (LAN. 8751) APPLIES TO ALL FACTS OCCURRING PRIOR TO DEATH.

   The inhibition of Rev. Stat. 5242 (Lan. 8751) as to the introduction of testimony in suits against executors, administrators, etc., applies not only to transactions with the decedent, but also to facts which occurred before his death; testimony, therefore, as to transactions with the agent of such decedent is as inadmissible as though with the decedent himself.

2. PRESUMPTION THAT HOLDER OF NOTE TOOK SAME FOR VALUE BEFORE MATURITY.

   Under the provision of Rev. Stat. 3172q (Lan. 4942) as well as under the law merchant, it will be *prima facie* presumed in favor of the holder of a promissory note that he took it for value in the usual course of trade' before maturity.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Kelley & Hauck,** for plaintiff in error, cited:

*Baker* v. *Jerome,* 50 Ohio St. 682 [35 N. E. Rep. 1113]; *Farley* v. *Lisey,* 55 Ohio St. 627 [45 N. E. Rep. 1103]; *Paddock* v. *Adams,* 56 Ohio St. 242 [46 N. E. Rep. 1068]; *Rauh, In re,* 65 Ohio St. 128 [61 N. E. Rep. 701]; *Chapman* v. *Lee,* 45 Ohio St. 356 [13 N. E. Rep. 736]; *Hafer, In re,* 12 Circ. Dec. 102 (21 R. 445); *Williams* v. *Stearns,* 59 Ohio St. 28 [51 N. E. Rep. 439]; *Bradford Belting Co.* v. *Gibson,* 68 Ohio St. 442 [67 N. E. Rep. 888]; *Chicago Cottage Organ Co.* v. *Richforth,* 24 O. C. C. 660; *Lester* v. *Snyder,* 12 Colo. App. 351 [55 Pac. Rep. 613]; *Kernohan* v. *Durham,* 48 Ohio St. 1 [26 N. E. Rep. 982; 12 L. R. A. 41]; *Holloger* v. *Bates,* 43 Ohio St. 437 [2 N. E. Rep. 841]; *Hitchcock* v. *Kelley,* 4 Circ. Dec. 180 (18 R. 808); *Barstow* v. *Stone,* 10 Colo. App. 396 [52 Pac. Rep. 48]; *Chappelear* v. *Martin,* 45 Ohio St. 126 [12 N. E. Rep. 448]; Daniels, Neg. Instr. 608; Rev. Stat. 3172q (Lan. 4942); 8 Cyc. 227; *Osborn* v. *McClelland,* 43 Ohio St. 284 [1 N. E. Rep. 644]; *Davis* v. *Justice,* 31 Ohio St. 359 [27 Am. Rep. 514]; *Lytle* v. *Boyer,* 33 Ohio St. 511 [31 Am. Rep. 561]; *New York, C. & St. L. Ry.,* v. *Swartout,* 6 Circ. Dec. 768 (14 R. 582).

**Cobb, Howard & Bailey,** for defendant.

### GIFFEN, J.

Three separate actions were consolidated and tried under the above title, each being founded upon a promissory note or notes. In two of

Wehrman v. Beech.

the cases, the only issue well pleaded was whether the notes were duly assigned and transferred to the plaintiff in due course of business for valuable consideration before maturity.

The allegation in the answers, that defendants paid to J. Fred Woltz, the holder and owner of the promissory notes, stated no defense of payment unless he was the holder and owner of the notes, in which case that of itself would be a complete defense.

If the jury, in returning a verdict for the defendants, based it upon a finding that the notes were not transferred to Mr. Wehrman in due course, it is not sustained by sufficient evidence, and if, on the other hand, it was based upon a finding that the notes were paid to Mr. Wehrman, or his agent, it is not supported by any pleading in the case.

In the third case, the defense is that the note was an accommodation paper, and was not assigned or transferred to Mr. Wehrman before maturity, nor for any consideration. The testimony is clear that the defendant executed the note as an accommodation, and if Mr. Wehrman took it after it became due, the defendant would not be liable. The evidence probably sustained the verdict of the jury as to this note, provided the testimony of the witness, Woltz, is competent and was relied on by the jury. It is contended that his testimony was incompetent under Rev. Stat. 5242 (Lan. 8751), but he was not a party to any of the original actions, and although made such after the consolidation, no relief was asked against him, nor did he file any answer. He was merely a nominal party without any interest in the result, and clearly comes within the case of *Bell* v. *Wilson*, 17 Ohio St. 640, and *Baker* v. *Kellogg*, 29 Ohio St. 663.

The court also admitted over the objection of the plaintiff, the testimony of the defendant, Beech, concerning facts that occurred prior to the death of the testator. It is claimed by counsel for the defendants that this testimony was competent, because he testified to no transactions with Mr. Wehrman, but only concerning transactions with Adam T. Voll, his alleged agent, but the operation of the section is not limited to transactions with the party, but to facts which occurred prior to the death of the testator. It seems clear, therefore, that the court erred in receiving his testimony.

The court refused to give the following special charge, which the plaintiff requested be given before the argument to the jury:

"I charge you as a matter of law that the law presumes *prima facie* in favor of every holder of negotiable paper:

"First. That he is the owner of it.

"Second. That he took it for value before maturity.

"Third. That he took it in the usual course of trade; and the plaintiff is entitled to recover unless these presumptions of law are overcome by proof in the case, and the burden of proof is on the defendants."

In 2 Daniels, Neg. Instr. 608, it is said:

"The mere possession of a negotiable instrument, produced in evidence by the endorsee, or by the assignee where no indorsement is necessary, imports *prima facie* that he acquired it *bona fide* for full value, in the usual course of business, before maturity, and without notice of any circumstance impeaching its validity; and that he is the owner thereof, entitled to recover the full amount against all prior parties. In other words, the production of the instrument and proof that it is genuine (where indeed such proof is necessary), *prima facie* establishes his case; and he may there rest it."

Revised Statutes 3172*q* (Lan. 4942) provides as follows:

"Except where an endorsement bears date after the maturity of the instrument, every negotiation is deemed *prima facie* to have been effected before the instrument was overdue."

It appears, therefore, that by statute as well as by the law merchant the presumption embraced within the special charge prevails in favor of the holder of a negotiable instrument.

The court erred in refusing to give the instruction as requested.

Judgment reversed and cause remanded for a new trial.

**Swing** and **Jelke, JJ.,** concur.