Crew, J.
It clearly and affirmatively appearing from the record herein, that the only matter considered or adjudicated in this case by the superior court in general term, was that of the sufficiency of the notice given by John PT. Voss as surety, it follows that our present' inquiry must be limited to a consideration of the propriety and correctness of the judgment of the superior court in that behalf. John H. Voss, as surety, claimed to be discharged and released from all liability upon the note in suit, by reason of the delay of Rose *279 F. Moormann to commence an action thereon within a reasonable time after the service of notice upon her husband, Frank J. Moormann, requesting him to bring suit thereon, forthwith, against Robert A. Moormann, the principal debtor. There is no dispute in this case as to the form of the notice, and no claim is made that it was intended for, or addressed to, Rose F. Moormann, the creditor, although it is'admitted that the contents of said notice were communicated to her by her husband. Section 5833, Revised Statutes, provides as follows: “A person bound as surety in a written instrument for the payment of money, or other valuable thing, may, if a right of action accrue thereon, require his. creditor, by notice in writing, to commence an action on such instrument forthwith, against the principal debtor; and unless the creditor commence such action' within a reasonable time thereafter, and proceed with due diligence, in the ordinary course of law, to recover judgment against the principal debtor for the money or other valuable thing due thereby, and to make, by execution, the amount thereof, the creditor, or the assignee of such instrument, so failing to comply with the requisition of such surety, shall thereby forfeit the right which he would otherwise have to demand and receive of such surety the amount due-thereon.” Inasmuch as this statute is clearly in derogation of the common law, and in terms provides a forfeiture of the right of action against the surety where the creditor disregards the notice to sue; in accordance with established rules of interpretation, the statute should not be extended beyond its plain terms, and the remedy *280 thereby afforded should be strictly pursued. In Baker v. Kellogg, 29 Ohio St., 665, this court said: “In view of the fact that the statute provides for the release of a party from a fixed legal liability-— from the payment of a debt which he justly ow.es— its' requirements should be at least substantially, if not strictly and literally complied with.” In Clark v. Osborn, 41 Ohio St., 36, the court, speaking of this statute, says: “The statute,' in a sense, is a part of the contract. The suretyship is accepted with knowledge of its terms. It gives rights to both parties. The right of the creditor is to disregard with impunity any notice not in strict conformity to its terms. This is his privilege, and concerns him alone, and is unaffected by considerations of public policy.” These authorities alone, upon the conceded or undisputed facts, are, we think, decisive of the present case. However, as examination discloses that like holdings have been made under similar statutes, by courts of last resort in other states, we call attention briefly to the following additional decisions: In Driskill v. Board of Commissioners, 53 Ind., 532, the appellee, as creditor and obligee, •had sued the appellant and one Daniel B. Driskill, as obligors on a penal bond. As a defense appellant pleaded in the second paragraph of his answer, that after said bond became due he notified Fred L. Prow, the attorney of the appellee, in writing, that he was only surety for the co-defendant, Daniel B. Driskill, and directed said attorney to institute proceedings at once upon said bond for its collection, and that he would stand responsible no longer. To this answer the appellee demurred, and his demurrer was sustained by the lower court. *281 Upon appeal to the supreme court, that court, in considering and commenting upon the sufficiency of this answer, said:
“It is evident that the appellant, in this second paragraph of his answer, has attempted to frame a defense to the action which would be good under the requirements of Sections 672 and 673, of our practice act.
“Section 672 provides as follows: ‘Any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract.’ 2 Revised Statutes, 1876, p. 276.
“In the paragraph of appellant’s answer now under consideration, the written notice did not require the creditor or obligee in the bond sued on to institute an action upon the contract; but instead thereof, the notice mentioned in this paragraph was to Fred L. Prow, who is described as the appellee’s attorney, and directed him, and not the appellee, to institute proceedings on the bond. It is clear, we think, that the written notice described in this paragraph of the answer is not such a notice as the section quoted requires to be given. The remedy given by Sections 672 and 673 of our code of practice to sureties upon written contracts is purely a statutory remedy, and has never been regarded, in this state, as a part of the common law. Halstead v. Brown, 17 Ind., 202. The surety who desires to avail himself of this remedy must do just what Section 672, in plain terms, requires him to do; he must, by written notice, require the *282 creditor or obligee to institute an action upon the contract. In our opinion, the notice in this case was clearly insufficient, and, therefore, the demurrer to the second paragraph of the answer was properly sustained.”
In Davis, Admr., v. Snead et al., 33 Grattan, 705, the Supreme Court of Appeals of Virginia, reviewing the statute of that state relating to sureties, passed in 1873 — which statute, in its provisions, is substantially the same as Section 5833 of the Ohio Statutes — says: “This statute is substantially the same as that of 1794 found in the Revised Code, 1819, page 461.” * * * “This statute of 1794 was the first enactment ever adopted in Virginia, authorizing notice by a surety to a creditor to sue, and imposing upon the latter a forfeiture of all claims against the surety as a consequence of his failure to comply with the requisition. * ' * *
“It will be observed that both by the act of 1794, and the present statute, the notice must be given to the creditor himself, and in the event of his death, to his personal representative. Under various provisions contained in the code, proceedings may be instituted against a creditor or other persons by notice to his agent or attorney. But under the statute we are now considering, no such indulgence is allowed. The reason is obvious. The statute is very stringent in its operation. The effect of the failure to sue after notice is an absolute forfeiture of all claims against every surety upon the bond, or other instrument. It is to such surety an absolute extinguishment of the debt. It was therefore wisely provided, that the notice *283 should be given to the creditor himself, and him only; and the release of the surety should be the result of the creditor’s act and his only.” In Bartlett v. Cunningham, 85 Ill., 22, the third clause of the syllabus is as follows: “To release a surety under the statute, proof must be made of a notice in writing by him to the holder of the obligation, to put the same in suit, and a refusal or neglect to do so. Proof of the delivery ■ of such notice to an agent of the holder,’ and that the agent told the holder of the fact, is not sufr ficient.” In Hill v. Sherman et al., 15 Ia., 365, we find the following syllabus: “A surety seeking to discharge himself from liability on a promissory note, in the method provided by chapter 75 of the revision of i860, must comply fully with the requirements of the statute.” Like holdings are made, and a like principle and rule announced, in the following cases: Cummins & Fenno v. Garretson, 15 Ark., 132; England v. McKamey, 4 Sneed, 75; Gillian v. Luddington, 6 W. Va., 128; Coykendall v. Constable, 48 Hun, 360; Sapington v. Jeffries, 15 Mo., 628; Hunt v. Purdy et al., 82 N. Y., 486; Shimer v. Jones, 47 Pa. St., 268. Not a single authority was cited by the superior court in general term in support of its finding, that the notice in question was, under the statute, because communicated to her, a sufficient notice to Rose F. Moormann. And none of the authorities cited here by counsel for defendant in error support that proposition. The plain requirement of the statute is, that the notice shall be given to the creditor, that is, to the person to whom the debt is owing, and who *284 has the present right to institute suit on the instrument, to recover the amount due. As no one else can forgive or release the debt, so also, no one else can, without his consent, involve the creditor in a forfeiture of his right of action against the surety. In the present case it is neither averred nor proved, that Frank J. Moormann was constituted the agent of Rose F. Moormann, the creditor, to accept and receive for her, this notice and it is not claimed that he was constituted the agent of John H. Voss, to deliver said notice to her. As we have seen, the name of Rose F. Moormann, does not appear in said notice. The notice was addressed to, and was intended for Frank J. Moormann, her husband, who was treated by Voss, the surety, as the real owner of said note. The notice — which was sufficient in form — was therefore, simply given to, and served on, the wrong party; and the mere fact that Frank J. Moormann thereafter communicated or exhibited such notice to his wife, would not affect, much less extinguish, her right of action against the surety. And especially should this be so where, as in the present case, at the time of exhibiting the notice to her he, being an attorney at law, then advised her that the same was not a notice to her, and that she need pay no attention to it whatever. For the reasons above stated, and upon the principles established by the foregoing authorities, we think it clear, that the notice to Frank J. Moormann was not binding upon Rose F. Moormann, the creditor, but that as to her, such notice was a mere nullity. It follows that the judgment of the superior court in general term, finding that said notice was sufficient, *285 and was effective to release and discharge the surety, John H. Voss, from all liability on the note in suit, was erroneous, and must be reversed. And it affirmatively appearing from the record in this case that the superior court in general term did not consider or pass upon all the assignments of error in the petition in error in that court, one of which was that the judgment of the trial court was against the weight of the evidence, the cause will be remanded to said superior court in general term, with instructions to consider and pass- upon all the errors assigned.

Judgment reversed and cause remanded.

Shauck, C. J., Price, Summers and Spear, JJ-, concur.