* R. P. DICK and J. W. DICK, Adm'rs, &c., *v.* JOHN C. McLAURIN and R. D. DICKSON.

The judgment to be entered by default against a part of numerous defendants, others, of whom plead, or are not taken, is, according to the course of the Court, only interlocutory; *therefore,*

Where a writ (in assumpsit upon a note) against *seven*, was returned to Spring Term 1867, executed upon *five;* and at the return term, three of those taken entered pleas; a judgment final by default was taken against the other two; and at the same time, an alias writ was ordered against those not taken;

*Held,* upon application by the parties against whom judgment had been taken, made at Spring Term 1868, that such judgment was *irregular,* and should have been set aside so far as it was *final;* and allowed to stand as an *interlocutory* judgment.

(*Keaton* v. *Banks* 10 Ire. 381; *Skinner* v. *Moore* 2 D & B. 138; *Governor* v. *Welch* 3 Ire. 249; *Price* v. *Scales* 2 Mur. 199; *Weed.* v. *Richardson,* 2 D. & B., 535, cited and approved.)

Motion to set aside an irregular judgment, made before *Barnes,* J. at Spring Term 1868, of the Superior Court of Cumberland.

The plaintiffs had sued out a writ against *seven* persons, including McLaurin and Dickson, returnable to Spring Term 1867. It was returned *executed* against *five,* of whom McLaurin and Dickson are two. At the return term, three of those taken entered pleas; and at the same time a final judgment.

* Judge Dick did not sit in this case.

by default was entered against McLaurin and Dickson, and further process ordered against those not taken.

At Spring Term 1868 a *nol. pros.* was entered as to the two not taken, and upon motion, made after due notice, the judgment at Spring Term 1867 was set aside, as irregular.

The plaintiffs thereupon appealed.

*Hinsdale*, for the appellants.

*B. Fuller*, contra.

1. The judgment was an office judgment, and so, under the control of the Court. *Keaton* v. *Banks* 10 Ire. 381, *Williams* v. *Beasley* 13 Ire. 112, *Cannon* v. *Beeman* 3 Dev. 363.

2. No appeal lies from an exercise of discretion, *State* v. *Lamon* 3 Hawks, 175; or from a finding of facts by the Court below, *State* v. *Raiford* 2 Dev. 214. See *Phillipse* v. *Higdon* Bus. 302; *Davis* v. *Shaver*, Phil. 18.

RODMAN, J. There can be no doubt of the power of a Court to set aside an irregular judgment at any time after it is rendered. *Keaton* v. *Banks*, 10 Ire. 381. It is equally clear that the exercise of such a power is the subject of appeal. The irregularity of a judgment is matter of law, and to have an irregular judgment set aside, is the right of every party injured by it; it is not a matter of judicial discretion.

Was the judgment in question irregular ? An irregular judgment is one entered against the course and practice of the Court, *Skinner* v. *Moore*, 2 D. &. B. 138. The plaintiff's writ was returned to Spring Term 1867, executed on five of the seven defendants. At that term two of the defendants pleaded; judgment by default final was entered against John C. McLaurin and R. D. Dickson, who procured the order appealed from; and alias process was ordered to issue against two of the other defendants, upon whom the first process had not been executed.

We think it was irregular. The plaintiff was not entitled to take a judgment by default final, against two of the defendants, when two others pleaded, and he kept his process run-

ning against two others. In England, a plaintiff is not even entitled to serve one of several defendants who appears, with a declaration, until he has run his process to outlawry against the others; and if he do so, and the writ be bailable, the other may immediately sign judgment of *non. pros.* *Governor* v. *Welch,* 3 Ire. 249; *Price* v. *Scales,* 2 Murphy 199. If [the plaintiff could not serve a declaration, of course he could not take a judgment by default, which implies a declaration previously served. But the plaintiff might have entered a *nolle prosequi* against those who had not been served with process, and then have taken judgment against the others. In Archbold's Forms, 338, is given the form of an entry, where one defendant lets judgment go by default, and the other pleads to issue. After reciting, that the defendant says nothing, &c., whereby he is undefended, &c., and the plaintiff ought to recover his damages, &c., it proceeds: " But because it is unknown to the Court what damage the said plaintiff hath sustained, therefore let the giving of judgment against the said J. F. (the defendant who had not defended) be stayed until the trial of the issue joined between the plaintiff and R. S. (the other defendant"); and the jury is summoned as well to try the issue joined, as to inquire of the damages on the default.

In *Weed* v. *Richardson,* 2 D. & B. 535, it is said: " In an action against two, there cannot be a judgment against both for a part of the demand, and against one of them for the residue, thus requiring different writs of execution upon the same judgment. " The same necessity for different writs of execution would exist, if a plaintiff could pursue the course taken in this case. These authorities establish that the judgment taken by default, was irregular, and the Judge below committed no error in setting it aside as a final judgment. He should have permitted it to stand as an interlocutory judgment, the damages to be inquired of thereafter. We have examined the cases to which we were referred by the plaintiff's counsel, and do not think they are in point.

PER CURIAM.                    Judgment accordingly.