GEORGE H. BAKER, PLAINTIFF IN ERROR, V. THOMAS B. SLOSS ET AL., DEFENDANTS IN ERROR.

**Practice in the Supreme Court.** An *alias* summons in proceedings in error, issued more than one year from the date of the final order sought to be reviewed, is of no effect, being issued after the bar of the statute is complete.

MOTION to dismiss petition in error.

*E. E. Brown,* for the motion.

*J. L. Caldwell, contra.*

BY THE COURT.

This is a motion by the defendants to dismiss the action upon the ground that the summons in error was issued and served after the expiration of a year from the date of the final order. It appears from the record that the final order sought to be reviewed was made on the ninth day of May, 1881. A transcript of the proceedings was filed in this court on the eleventh day of April, 1882, and a summons in error issued, but at what time does not appear. This summons was taken by one of the attorneys for the plaintiff in error, and was lost without having been served. An *alias* summons was issued on the twelfth of July, 1882, and served on the defendants on the next day. Is this service sufficient to give the court jurisdiction?

Sec. 19 of the code provides that: "An action shall be deemed commenced within the meaning of this title, as to the defendant at the date of the summons which is served on him." A summons issued within the time limited by statute for the commencement of an action may be served after such period has elapsed, but there is no authority to issue a summons after that time, and this prohibition applies to an *alias* summons. In all cases the summons served, whether the original or not, must be issued before the bar of the statute of limitation is complete. *Rogers v. Redick*, 10 Neb., 332.

It follows that the motion to dismiss must be sustained.

MOTION SUSTAINED.