* W. W. VASS and others v. PEOPLES' BUILDING & LOAN ASSOCIATION and others.

*Pleading, when new party is brought in— Waiver—Judgment, irregular, may be set aside.*

1. Where a complaint was filed against the defendant, and in the progress of the action another party defendant is brought in, the

---

* SMITH, C. J., did not sit on the hearing of this case.

complaint must be amended or another complaint filed as to him, unless he waive his right to the same by answering the original complaint.

2. A judgment by default for want of an answer, where no complaint is filed against such new party, is irregular and may be set aside at any time.

(*Keaton* v. *Banks*, 10 Ired., 381; *Dick* v. *McLaurin*, 63 N. C., 185; *Cowles* v. *Hayes*, 69 N. C., 410; *Leach* v. *Railroad*, 65 N. C., 486; *Vick* v. *Pope*, 81 N. C., 22, cited and approved.)

APPEAL from an order, setting aside a judgment, granted at Fall Term, 1884, of WAKE Superior Court, by *Gudger, J.*

The summons in this case was made returnable to fall term of 1877 of the superior court of Wake county. At that term the plaintiffs filed the complaint, but the defendants, first made parties defendant, did not file any answer at that term or afterwards.

At spring term, 1878, the plaintiffs moved for leave to make additional parties defendant, naming them severally, and among them are the parties who moved to set aside the judgment presently to be mentioned. The court granted the motion, and ordered " that the summons and complaint be amended accordingly, and that the clerk issue summons to said parties." Accordingly, a summons was issued and executed and the additional parties therein named were commanded to appear in court " on the 4th Monday in June, 1878, and answer the *complaint which will be deposited in the office* of the clerk of the superior court of said county within the time prescribed by law, and let the said defendants take notice, that if they fail to answer the said complaint within the time prescribed by law, the plaintiffs will apply to the court for the relief demanded in the complaint."

The plaintiffs failed to amend the complaint filed, or to file any amended or additional complaint.

Afterwards, at February term, 1880, the court gave "judg-

ment by default" in favor of the plaintiffs, "according to their complaint against the defendants, holders of cancelled shares," &c.

It does not appear that any further action was taken until August term, 1881. At that term the parties named in the order of the court set forth below, moved to set aside said judgment by default as to themselves, on the ground that the plaintiffs had filed no complaint as to them, and they were not called upon or bound in law to answer the complaint originally filed at the appearance term. The motion thus made was continued from term to term until the August term, 1884. At that term the court made this order: "Theo. H. Hill, S. W. Whiting, Wm. G. Upchurch, Bennett Smedes, C. S. Allen, J. C. Blake and V. Ballard, having moved to set aside the judgment in the above entitled action as to them, the motion is allowed, and the said judgment is set aside as having been irregularly granted, and the defendants are allowed till the following term of the court to answer any complaint the plaintiffs may file against them." From this judgment the plaintiffs appealed.

*Messrs. Haywood & Haywood* and *Gatling & Whitaker*, for plaintiffs.

*Messrs. Fuller & Snow* and *E. C. Smith*, for defendants.

MERRIMON, J., after stating the case. It will be observed that the motion to set aside the judgment in this case, was not based upon alleged "mistake, inadvertence, surprise or excusable neglect," on the part of the appellees, but upon the ground of its alleged *irregularity*.

An irregular judgment may be set aside at any time within a reasonable period, this depending on the circumstances of the case, and the party complaining is not bound to move in such respect within a year next after it has been entered, as in case of "mistake, inadvertence," &c.

An irregular judgment is one given contrary to the method of procedure and the practice under it, allowed by law. As, if judgment should be given against an infant, no guardian having been appointed or appearing to represent him and take care of his interests in that behalf; or, where the court gave judgment without the intervention of a jury in a case where the party complaining was entitled to a jury trial and did not waive his right thereto; or, where a judgment was prematurely entered by default; or, where it was the duty of the plaintiff to give notice of the taxing of costs, and failed to give such notice, and took judgment. In such and like cases, the judgment is irregular, and upon proper application of the party injured the court would set it aside for such irregularity. *Keaton* v. *Banks*, 10 Ired., 381; *Dick* v. *McLaurin*, 63 N. C., 185; *Cowles* v. *Hayes*, 69 N. C., 410; Freeman on Judgments, § 97.

Then, is the judgment in question irregular in a material respect? We think it is; and that is so because it was without any proper pleading on the part of the plaintiffs that put the appellees to any defence they might be able and see fit to make.

Regularly, a civil action must be commenced by a summons, and the defendant is summoned to appear at the next ensuing term of the court after its issue, and " answer the complaint of the plaintiff," and he is notified in the summons, " that if the defendant shall fail to answer the complaint within the time specified, the plaintiff will apply to the court for the relief demanded " in the complaint. THE CODE, §§ 200, 213. The plaintiff must file his complaint in the clerk's office on or before the third day of the term to which the summons is made returnable, the defendant having been summoned; and at the same term, the complaint being filed, the defendant must appear and demur to, or answer it, and the plaintiff must at that term join issue upon the demurrer, or reply to the answer, as the case may

require, and the issues raised by the pleadings must stand for trial at the next term thereafter. THE CODE, §§ 206, 207, 208. This, of course, is subject to the power of the court to enlarge the time for pleading and make all proper orders in respect thereto.

These provisions of THE CODE plainly contemplate that in the orderly course of procedure, the plaintiff shall, upon bringing the defendant into court, plead, that is, file a complaint setting forth in apt terms his cause of action against the defendant, so that the latter may know what it is, and consider whether he will admit the same, or in any proper way make defence thereto. The plaintiff must plead at the appearance term, or else, at that or a subsequent term, in the absence of a complaint, the defendant may move for judgment of *non pros.*

Ordinarily the complaint filed applies and has reference only to the party or parties before the court at the time of filing it. They are required to plead at the appearance term, or judgment final for want of a proper pleading, may in some cases be taken against them, and in others an interlocutory judgment may be taken.

The plaintiff may obtain leave in a proper case, to make additional parties defendant. If such parties are made after the complaint shall be filed, the plaintiff must obtain leave to amend his complaint, filed in such way as to make it apply to and require new parties to demur to or answer it, when they come into court; or when they appear an amended complaint must be filed, setting forth the plaintiff's cause of action as to them, or requiring them, by proper averments, to answer the complaint already filed. The plaintiff must proceed against the new parties by a proper pleading before he can move for judgment by default, final or interlocutory, against them; and if he fails to plead as to such new parties at the term at which they appear, they may at that, or a subsequent term, in the absence of an

amendment of the complaint filed, or an amended complaint, or an order of the court requiring them to answer the complaint filed, move for judgment of *non pros.* as to themselves.   While new parties may be made at almost any time in the progress of the action, they must be made in such apt way as to properly charge them by the pleadings, particularly where relief is demanded against them. This is necessary, to the end that the new party to the action may learn with reasonable certainty the cause of action against him, and have opportunity to make defence.

The views we have thus expressed are warranted by a just construction of the provisions of THE CODE in respect to the pleadings in actions, and as well by principles of common justice.   Every party to an action should be able to see and learn from the record his relation to it, either by some appropriate pleading or some pertinent order of the court.

In this action the plaintiff at first sued certain defendants, who were duly served with a summons.   At the appearance term he filed his complaint, alleging his cause of action against the defendants then before the court; at that term he obtained leave to make additional parties defendant; a summons was issued as to them; they were summoned to appear and " answer the complaint, which will be deposited in the office of the clerk," &c., and were notified in the summons " that if they failed to answer the said complaint within the time prescribed by law the plaintiffs will apply to the court for the relief demanded in the complaint.' They did appear, but the plaintiff did not amend the complaint filed so as to embrace them and let them plead, if they saw fit to do so; nor did he file an amendment, or indeed any complaint as to them.   As he did not, they might have moved for judgment of *non pros.* as to themselves, but they failed to do so, and the plaintiff moved for and obtained judgment by default against them as if they had been served with a complaint, or an amended complaint,

or had been required by a proper order of the court to accept the complaint as applicable to them.

It was said on the argument that they were in court, and so they were, but the plaintiff had not pleaded as to them, nor was there anything in the pleadings in any way alleged against them as parties defendant. They had been notified that a complaint would be filed, and had the right to expect one would be. Besides, the order of the court allowing the new parties to be made, required that the "summons and complaint be amended accordingly," that is, so as to embrace and charge the new parties with the complaint filed.

According to the course, the practice, and the express order of the court, the appellees had the right to expect and require a proper pleading on the part of the plaintiffs, so that they might make defence, if they saw fit. They were not bound to take action until this should be done. And as the judgment by default was taken in the absence of a necessary and orderly pleading on the part of the plaintiffs, it is irregular.

While the orderly and regular course of procedure and practice is such as we have indicated, a party may, and oftentimes does waive his right to have something done in the course of the action by the appearing party. When he can and does waive such right, he will be concluded as certainly as if the course of action had been in all respects regular. As if, in this case, the appellees had answered the complaint filed, without any amendment to it, or any amended complaint; or, if they had done some act showing their purpose to waive a further pleading on the part of the plaintiffs, or to make defence, in such case they would have been concluded. But such *waiver* must appear. There is nothing in the record before us that indicates such waiver. It does not appear that anything was done in the action after the appearance of the appellees, except the taking of

the judgment, until they moved to set it aside for irregularity. They submitted to no action on the part of the plaintiffs, and did no act themselves that could be reasonably construed to be a waiver of their right to plead. Under the circumstances of the case we think the court properly set the judgment aside.

On the argument, the appellants' counsel relied upon the cases of *Leach* v. *Railroad,* 65 N. C., 486; and *Vick* v. *Pope,* 81 N. C., 22. These cases decide that a judgment is not void because no complaint was filed, the defendant being before the court; and they and other similar cases rest on the ground that the defendant may *waive* the complaint and confess judgment, or consent to it, but this does not imply that the regularity of procedure and pleading may be dispensed with where a party in apt time insists upon the same. It is a false notion entertained by some of the legal profession, that the Code-system of procedure is without order or certainty, and that any pleading, however loose and irregular, may be upheld; on the contrary, while it is not perfect, it has both logical order, precision and certainty when it is properly observed. Bad practice, too often tolerated and encouraged by the courts, brings about confusion and unjust complaints against it.

The record presents no question as to the character of the cause of action, and although this was hinted at in the argument for the appellees, we are not called upon to express any opinion in that respect.

The judgment must be affirmed. Let this opinion be certified according to law.

No error.                                                   Affirmed.