JOHN WILKINS, PLAINTIFF IN ERROR, v. BRIDGET WILKINS, DEFENDANT IN ERROR.

[FILED APRIL 4, 1889.]

1. Judgment: SETTING ASIDE AFTER TERM. A judgment or decree may be set aside, on motion, subsequently to the judgment term at which it was rendered for irregularity in procuring it to be entered.

2. ———: DIVORCE: SERVICE BY PUBLICATION.  In an action for divorce, where service was had by publication only, the publication of a notice requiring the defendant to answer on or before the second Monday after completed service, instead of the third, as provided by section 110 of the Civil Code, would not prevent the court from acquiring jurisdiction, and a decree rendered in such case would, perhaps, not be open to collateral attack, but would be subject to be set aside on motion, as having been irregularly entered, under the provisions of section 602, *et seq.*, of the Civil Code.

ERROR to the district court for Brown county.  Tried below before KINKAID, J.

*Uttley & Benedict,* for plaintiff in error.

No appearance for defendant in error.

REESE, CH. J.

On the 7th day of September 1883, plaintiff in error instituted an action in the district court of Brown county, against defendant in error, the object of which was a divorce and the custody of minor children.  Notice was given by publication, and a decree was rendered as prayed, on the 27th day of November, 1883.  The ground alleged in the petition, and upon which the divorce was granted, was that of abandonment.  On the 2d day of October, 1886, the defendant filed a motion to set aside the decree.  The grounds of this motion were that there was irregularity on the part of plaintiff in obtaining the decree: First, that there was not 'sufficient proof of publication of notice to give the court jurisdiction; second, that the petition was not filed at the time stated in the notice; third, that the publication of the notice was not in compliance with the requirements of law, and that the time fixed therein for answer was the second Monday after the last publication, instead of the third, as required by section 110 of the Civil Code.

Notice was duly given to plaintiff of the pendency of this motion. On the 7th day of October, 1886, the motion was heard by the district court, and sustained, the court holding that it did not have jurisdiction of the cause at the time the decree was rendered. The decree was therefore set aside. The cause is brought to this court, by plaintiff, by proceedings in error.

No brief has been filed by defendant in error, and it is not quite clear as to the exact legal theory upon which the motion was presented to the district court by defendant in error. But as we view the case as presented by plaintiff in error, the question presented is one of practice. It is insisted by him that in so far as it is sought to vacate the decree of divorce, the application should have been by petition and summons, under the provisions of section 603 of the Civil Code, and not by motion and notice. This question is not entirely free from doubt. Plaintiff contends that, with the exception of that portion of the order which assumes to retain and exercise jurisdiction over the question of the custody of the minor children, as decided in the former decree, that the district court was without jurisdiction, and hence the order setting aside the decree of divorce should be vacated by this court. In the absence of a special provision upon this subject, in the chapter on Divorce and Alimony, we presume the question must be governed by the Civil Code, section 602 of which is as follows:

"A district court shall have power to vacate or modify its own judgments or orders, after the term at which such judgment or order was made: *First.* By granting a new trial of the cause within the time and in the manner prescribed in section three hundred and eighteen. *Second.* By a new trial granted in proceedings against defendants constructively summoned, as provided in section seventy-seven. *Third.* For mistakes, neglect or omissions of the clerk, or irregularity in obtaining a judgment or order. *Fourth.* For fraud practiced by the successful party in ob-

taining the judgment or order. *Fifth.* For erroneous proceedings against an infant, married woman, or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. *Sixth.* For the death of one of the parties before the judgment in the action. *Seventh.* For unavoidable casualty or misfortune, preventing the party from prosecuting or defending. *Eighth.* For errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section four hundred and forty-two. *Ninth.* For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

Section 603 provides that: "The proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions four, five, six, seven, eight, and nine, of the last preceding section, shall be by petition verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition a summons shall issue and be served as in the commencement of an action," etc.

Upon an examination of these grounds, we are convinced that none of them are applicable to the case at bar. Our attention then is directed to the third subdivision or ground mentioned in section 602, which is, "For mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment or order."

Section 604 provides that: "The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining the judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 609 is as follows: "Proceedings to vacate or modify a judgment or order for the causes mentioned in subdivision four, five, and seven, of section six hundred and two, must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, married woman, or person of unsound mind, and then within two years after the removal of such disability. Proceedings for the causes mentioned in subdivisions three and six of the same section shall be within three years, and in subdivision nine within one year, after the defendant has notice of the judgment."

If, then, this proceeding was properly instituted under the third subdivision of section six hundred and two, we must hold that the proceedings were regular and commenced within the time required by section six hundred and nine. If the decree was rendered without the necessary preliminary proofs, as was found by the district court, upon a hearing, to be the case, and if the time fixed in the notice within which the answer should be filed was not that fixed by statute, it would seem that there was irregularity in obtaining the decree, under the provisions of sections six hundred and three and six hundred and four, and that the court did not err in taking jurisdiction of the motion (the parties having appeared thereto) and vacating the judgment. (See *Huntington v. Finch,* 3 Ohio St. 445; *Downing v. Still,* 43 Mo. 309; *Dick v. McLaurin,* 63 N. C. 185.)

We do not quite agree with the district court in its conclusion that the former decree was rendered without jurisdiction, as the court, no doubt, had jurisdiction of the case; and had the decree been attacked collaterally, it would probably have been held good; but as the course pursued by defendant in error was in conformity with the provisions of the Code, the order of the district court is not open to the objection which might perhaps be made to the recital in the record that no jurisdiction was had.

The decree, therefore, having been rendered without the

defendant being in default, was irregular, and could be vacated on motion. (Freeman on Judgments, section 97; Maxwell's Pleading and Practice, 745.)

The order of the district court is affirmed.

JUDGMENT ACCORDINGLY.

THE other Judges concur.