WALTON E. BURLINGIM v. J. M. COOPER ET AL.

FILED JANUARY 4, 1893.    No. 4819.

1. Action: WHEN COMMENCED.  An action is begun in this state by filing a petition in the district court upon which summons is issued which is served on the defendant.

2. Mechanics' Liens: FORECLOSURE: SUMMONS: LIMITATION OF ACTIONS.  A mechanic's lien continues in force for two years after the date of filing the lien, and in case an action is brought to foreclose the same, until judgment is recovered and satisfied.  If a summons is issued before the expiration of the two years from the filing of the lien, it may be served afterwards within the statutory time, but if not issued until after the expiration of two years, an action to enforce the lien will be barred.

3. ———: ———: NEW PROMISE  PROOF.  Held, That the proof failed to show a new promise of the purchaser of the property to pay the debt.

ERROR from the district court of Douglas county.  Tried below before WAKELEY, J.

Winfield S. Strawn, for plaintiff in error.

Fawcett, Churchill & Sturdevant, and James W. Carr, contra.

MAXWELL, CH. J.

The plaintiff is a lumber dealer in building material, and sold sufficient of said material to Peterson for the erection of a cottage on the middle one-third of lot 1, block 13, of the Improvement Association addition to Omaha. The title to the lot at the time of the contract was in S. E. Rogers, but Peterson's wife had purchased the same. Cooper was the contractor who erected the building and seems to have been anxious to befriend Peterson. Selden purchased the premises from Peterson after the erection of the cottage. The testimony shows that the last item on the plaintiff's account was furnished on the 29th of April, 1887, and that a mechanic's lien was filed on the 27th of June of that year. A petition to foreclose the lien was filed on the 26th of June, 1889, but no summons was issued until July 11, 1889. On the trial of the cause the court rendered judgment against Peterson for the sum of $194, but held that the lien was barred before bringing the action and therefore dismissed the action as to the defendant Selden. The plaintiff contends that the action was commenced by filing the petition and that therefore the court erred. Section 19 of the Code provides, "An action shall be deemed commenced within the meaning of this title, as to the defendant, at the date of the summons which is served on him ; where service by publication is proper, the action shall be deemed commenced at the date of the first publication, which publication shall be regularly made." Section 3 of the mechanics' lien law provides that where the lien is obtained it shall remain in force for two years after the filing of such lien. Section 4 provides that where suit is commenced the lien shall continue until the suit is determined and satisfied. The suit, however, must be brought within two years from the filing of the lien, otherwise the lien will be barred. If the summons in this case had been issued within two years, it

Burlingim v. Cooper.

might have been served on the defendant after the expiration of that time, because the statute so provides. This question has been twice before this court in error cases, and it was held that a summons issued after the expiration of a year from the date of final judgment was too late. (*Baker v. Sloss,* 13 Neb., 230; *R. V. R. Co. v. Sayer,* 13 Id., 280.) The same rule applies in the case at bar. The action was not commenced within the meaning of the statute until summons was issued which was served on the defendant, and as this was not done within two years the bar of the statute as to the lien was complete.

But it is sought to hold Selden upon the ground that he promised to pay the debt. The promise is alleged to be contained in the following letter:

"OMAHA, NEB., April 5th, 1889.

"*W. E. Burlingim, Esq., Omaha, Neb.*—DEAR SIR: Your letter of March 22d was received in due time. I have delayed answering in hopes I would be able to pay you some money, but find that I am unable to do so at present. I have about $2,500 in brick which I am trying to sell. It was with expectations of selling that I hoped to get money for you. I think I will be able to sell within a short time and then I will let you have some money, but do not see any way to raise it in any other way.

"Hoping that you will be patient with me for a short time I remain,

"Yours truly,          D. J. SELDEN."

The letter to Selden, to which this is an answer, was not produced, nor could its contents be shown, so that it is not certain that the promise applies to this claim. If Selden purchased the premises, and as part of the consideration agreed to pay the debt, no doubt he would be liable therefor, but such facts are not established by the proof. The judgment is right and is

AFFIRMED.

THE other judges concur.