Calkins v. Miller.

---

L. C. CALKINS, APPELLANT, v. SARAH E. MILLER, ADMINISTRATRIX, ET AL., APPELLEES.

FILED JUNE 23, 1898.   No. 8183.

1. **Summons:** SERVICE BY PUBLICATION: TIME TO ANSWER. Service by publication is irregular, and should be quashed on motion, when the published notice requires the party to answer on or before the second instead of the third Monday after the fourth publication of the notice.

2. ———: ———: ———. The published notice takes the place of a summons, and must inform the defendant on what date he is required to answer, and he must be required to answer on the date fixed by the Code. The statute is mandatory. Neither the courts, nor the clerks of the court, are invested with any discretion with respect to the time which a notice by publication shall be published, what it shall contain, nor on what date the defendant shall be notified that he is required to answer.

3. **Mechanic's Lien: FORECLOSURE: LIMITATION OF ACTIONS.** An action to foreclose a mechanic's lien must be commenced within two years after the filing of a claim for lien in the office of the register of deeds.

4. ———: ———: ———. Such an action is commenced at the date of the summons which is served upon the defendant.

APPEAL from the district court of Knox county. Heard below before ROBINSON, J. *Affirmed.*

*A. A. Welch* and *W. D. Funk*, for appellant.

*Barnes & Tyler* and *Carter & Brown, contra.*

RAGAN, C.

October 28, 1892, L. C. Calkins filed with the register of deeds of Knox county a verified account of items of material which he alleged he had furnished one H. N. Miller in pursuance of an oral contract with him for the erection of an improvement upon the latter's real estate, and claimed a lien upon said real estate for the material so furnished. October 16, 1894, Calkins filed a petition in the district court of said Knox county against Miller and a number of others, the object of which was to have established and foreclosed a lien upon the real estate of Miller for the material furnished to him for the erection of said improvement. At the date of filing this petition Calkins filed with the clerk a *precipe* for a summons for all the parties made defendants. The clerk neglected to issue a summons as requested until October 30, 1894, on which date he issued a summons, which was personally served on Miller and another. October 15, 1894, Calkins filed an affidavit for constructive service upon a number of parties made defendants to the action brought against Miller. October 18, 1894, he caused a notice of the pendency of this suit to be first published, which notice fixed the answer day of the parties attempted to be constructively summoned for the second Monday in November, 1894, to-wit, November 19, instead of the third Monday, to-wit, Novem-

ber 26, 1894, as required by the statute. The parties upon whom Calkins attempted to obtain constructive service appeared specially and moved the court to quash the constructive service or the service by publication, because the answer day was fixed by the notice published for the second instead of the third Monday after the service by publication was complete. This motion the court sustained. After the service of summons upon him, Miller died, and the action was revived in the name of his administratrix. She and the other party personally served with summons answered the action of Calkins and pleaded as a defense thereto that his action accrued more than two years prior to the date of the summons which was served upon them. To this answer Calkins replied, alleging the filing of his petition October 16, 1894, the filing of the *precipe* for a summons, and that the fact that the summons which was personally served was not dated and issued until October 30, 1894, arose from the neglect of the clerk of the court. To this reply Miller and the other parties personally served demurred. The demurrer was sustained and Calkins' action dismissed. Calkins has appealed.

1. The court did not err in quashing the service or attempted service by publication. Section 110 of the Code of Civil Procedure provides that the answer day of a defendant constructively served shall be the third Monday after the service by publication is complete. The published notice takes the place of a summons and must inform the defendant on what date he is required to answer, and he must be required to answer on the date fixed by the Code. It is mandatory. Neither the courts nor the clerks of the court are invested with any discretion with respect to the time which a notice for publication shall be published, what it shall contain, nor on what date the defendant shall be notified that he is required to answer. (*Crowell v. Galloway*, 3 Neb. 215.) In *Wilkins v. Wilkins*, 26 Neb. 235, it was distinctly ruled that where service was had by publication only, and the notice required the party to answer on or before

the second Monday after the service was complete, instead of the third, such a service was irregular and would be set aside on motion. This ruling was followed and reaffirmed in *Scarborough v. Myrick*, 47 Neb. 794.

2. Whether the court erred in sustaining the demurrer of the parties personally served depends upon the question as to whether Calkins' action, when brought, was barred by the statute of limitations. By section 3, chapter 54, Compiled Statutes, it is provided that the verified items of an account of labor and material filed with the register of deeds by a person who claims a lien upon real estate for labor and material furnished by him for the erection of an improvement upon such real estate in pursuance of a contract with the owner thereof shall operate as a lien for the period of two years after the filing of such verified items of account. Calkins filed his claim for a lien October 28, 1892. This claim then ceased to be a lien October 28, 1894, unless the running of the statute had been arrested by the commencement of an action to establish and foreclose the lien prior to that date. Section 19 of the Code of Civil Procedure provides that an action shall be deemed commenced at the date of the summons which is served upon the defendant. Here the summons that was served upon Miller and the other party personally served was dated October 30, 1894. Calkins' action then was commenced October 30, and at that date was barred; and the court did not err in its ruling on the demurrer and in dismissing the action. (*Monroe v. Hanson*, 47 Neb. 30; *Baker v. Sloss*, 13 Neb. 230; *Aultman v. Cole*, 16 Neb. 4; *Burlingim v. Cooper*, 36 Neb. 73.) The case last cited was an action to foreclose a mechanic's lien, and it was held: "If a summons is issued before the expiration of the two years from the filing of the lien, it may be served afterwards within the statutory time; but if not issued until after the expiration of two years, an action to enforce the lien will be barred." The decree of the district court is right and is

AFFIRMED.