# WAILUKU SUGAR COMPANY *v.* CLAUS SPRECKELS and HAWAIIAN COMMERCIAL AND SUGAR COMPANY.

### APPEALS FROM CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED JUNE 25, 1901.          DECIDED AUGUST 16, 1901.

Alleged formal defects appearing upon the face of a petition in condemnation proceedings could not be taken advantage of by answer after the defendant had demurred and afterwards by leave of court withdrawn the demurrer and also by leave filed a plea and later the answer.

The mere fact that a defendant consented to the plaintiff's constructing and operating a pipe and flume over the land in question does not prevent the latter from instituting or further prosecuting proceedings to obtain a better title.

When a defendant conveys the land in question to another after suit begun, the proper course is to substitute the latter for the former and not to dismiss the petition as to him.

But where the grantee has already been made a defendant as a claim-
  ant and the cause is afterwards dismissed on its motion as to its
  grantor because the latter no longer had any interest after con-
  veyance, the grantee cannot have the cause dismissed as to itself
  also on the ground that no attempt was made by the plaintiff prior
  to suit to agree with it—the plaintiff having attempted and failed
  to agree with the grantor when it was owner and the statute requir-
  ing as a condition precedent to bringing suit inability to agree with
  the then owner only.
Where a party is made defendant and is alleged to "claim ownership,"
  and demurs and later pleads without raising the question of the
  sufficiency of the allegation as to its ownership, and afterwards
  answers denying that a co-defendant is owner and averring that
  it itself is owner, and the proofs show that it is owner, it cannot
  say that no judgment can be rendered against it for want of a
  definite allegation in the petition that it is owner.

OPINION OF THE COURT BY FREAR, C.J.

This is a proceeding begun in September, 1897, under Act 18
of the Laws of 1895 (Civ. L. Ch. 114) for the acquisition of a
right of way for a water-pipe and flume.   The defendant Claus
Spreckels was then the legal owner of the land over which the
right of way was desired.   The Hawaiian Commercial and Sugar
Company at that time claimed to be the equitable owner.   Sub-
sequently the former executed a conveyance of the land to the
latter, and on the latter's motion the Judge signed an order dis-
missing the cause as to the former.   From this order the plaintiff
appealed to this court.

The defendant corporation was then given leave, on its motion,
to withdraw its demurrer previously filed and file a plea or
answer within twenty days and also to file a plea without losing
its right to answer within the time limited.   This was more than
three years after the demurrer was filed.   It then filed a special
plea denying that the plaintiff had been unable to agree with it
and alleging that it, the plaintiff, had made no attempt to agree.
(The statute authorizes the condemnation proceeding when the
person desiring the right of way "is unable to agree with the
person or persons across whose land," &c).   The defendant cor-
poration afterwards filed an answer in which after reciting that

the cause had been dismissed as to Spreckels and that the plea had been filed by leave without waiving the right to answer within twenty days, it denied the allegation of the petition that the land in question was owned and in the possession of Spreckels and averred that it itself had since the commencement of the proceeding acquired the land by deed from him and then held the absolute ownership of the land in fee, averred that it relied upon the matters set up in its plea which it made a part of its answer, that the petition was not verified as required by law, that the petition was insufficient in failing to show the width or depth of land sought to be acquired, that the plaintiff had already constructed and was operating a pipe and flume over said land upon the line shown upon the tracing attached to the petition, relying in so doing upon the written consent of Spreckels by his attorney in fact, that no facts are stated or set forth in the petition showing for what agricultural purpose the right of way is desired or why the acquiring of the same by the plaintiff is reasonable, proper or useful. The plaintiff demurred to the plea and moved to strike out certain portions of the answer on the ground that they related to matters that were available on demurrer only and also filed a replication to the answer.

The Circuit Judge denied the motion to strike out but treated the matters objected to as surplusage and also declined to dismiss the bill. Afterwards evidence was introduced showing among other things that the plaintiff prior to bringing suit had attempted and failed to agree with Spreckels but had not attempted to agree with the defendant corporation. Afterwards, by stipulation subject to the defendant's right to appeal, a decree was signed granting the plaintiff the right of way and assessing the damages at $100. From this decree the defendant corporation appealed.

The alleged formal defects in the verification and in the allegations as to the width and depth of the land required, as to the particular agricultural purpose for which it was required, and as to its acquisition being reasonable, proper and useful, were matters which, even if they would have been good grounds of de-

murrer, which we do not decide, were waived by the withdrawal
of the defendant's demurrer and the filing of an answer at a late
date by special leave of court.   Whether formal matters of this
kind appearing upon the face of the petition could be raised in
a document purporting to be an answer and the latter be treated
as to such matters as a demurrer or a motion to dismiss, on the
theory that proceedings of this kind are not governed by the rules
of pleading which govern ordinary civil actions, we need not
say.   They no doubt could not be raised after a hearing on the
merits and in our opinion could not properly be raised in an
answer as such and it was only such an answer that the defendant
was given leave to file.   The Circuit Judge did not err in holding
that these matters were improperly included in the answer.

The answer sets up also that the plaintiff had already con-
structed and was operating a pipe and flume over the line in ques-
tion by the written consent of Claus Spreckels.   This was done
after the suit was begun and the consent seems to have been
given without prejudice to defenses to these proceedings.   We
see no reason why the plaintiff could not take or continue steps
to obtain a better title or right than it had under such consent.

The real difficulty arises in connection with the allegations
and proofs as to ability to agree.   The plaintiff alleged that it
was "unable to agree with the party or parties across whose land
it is desired to acquire such right of way."   This follows the
language of the statute and is a sufficient allegation as to both
defendants.   But the evidence showed an attempt to agree with
Spreckels only.   The Judge having, as stated above, dismissed
the cause as to Spreckels upon his conveyance to his co-defend-
ant, afterwards held that such co-defendant was bound by the
attempt and failure to agree with Spreckels inasmuch as it had
acquired the land from him after the commencement of the suit.
If the defendant corporation had not been a defendant at the
time, the proper course would have been to have substituted it
for Claus Spreckels upon the conveyance by him to it, and per-
haps it would have been technically correct to have done so even
when the corporation was already a defendant, instead of dis-

missing the cause as to Spreckels. The corporation would then be bound by the plaintiff's attempt and failure to agree with its predecessor in title. We might perhaps properly reverse the decree dismissing the bill as to Spreckels and so leave him a party subject to the right to substitute the corporation for him and also reverse the decree granting the plaintiff relief against the defendant corporation on the ground that the evidence showed that there was no attempt and failure to agree with it. Then if no substitution were made the Circuit Judge might enter a decree against Spreckels, which would bind his grantee, the defendant corporation, and dismiss the cause as to the defendant corporation, which would be immaterial to the plaintiff; or, if the substitution were made, the Judge might enter a decree against the defendant corporation as standing in Spreckels' shoes. But is this necessary? Would it not at best be to go through useless forms? It would be on the theory that the corporation could continue to the end as it began a mere claimant irrespective of the fact that it had meanwhile become the owner. It would be to hold that it could occupy two positions at the same time, in respect of one of which it would be bound and in respect of the other of which it would not be bound, neither position being that of a representative of anyone else. The Judge did not make an order for a substitution in form doubtless because the corporation was already a defendant. He thought of the defendant then as occupying the position previously occupied by Spreckels. This is clearly shown by his decision in which he says in substance that if the effect of the order dismissing the cause as to Spreckels was to leave the case as if it were against the corporation as a mere claimant and without regard to its subsequent acquisition of title, that order was erroneous, and he declined to look upon it in that way. He would not allow the defendant to take advantage of the form of the order which it itself had led him to make. But without passing upon what the best course to pursue would be in case the corporation could not be properly considered as a substitute for Spreckels after the dismissal as to him, or in case it could be bound after the conveyance as claim-

ant and not as owner, we can say that the statute requires as a condition precedent to bringing the suit inability to agree with the person or persons only across whose land, &c., and it was both alleged and proved in this case that the plaintiff was unable to agree with Spreckels before the suit was begun and so far as appears Spreckels was the only owner at that time, and it was therefore unnecessary for the plaintiff to attempt to agree with the defendant corporation for the reason that the latter was not then the owner. The statute does not terminate the suit upon a conveyance made by a defendant after suit because there has been no attempt to agree with his grantee.

It is further contended that no judgment can be rendered against the defendant corporation because the petition does not allege that that corporation was the owner of the land. This contention is based on the doctrine that judgments must be supported by the pleadings. The petition alleges that the land is owned by Spreckels and that the defendant corporation "also claims ownership" thereof. The corporation did not raise the question of the sufficiency of the allegation in the petition as to its ownership in its demurrer or in its plea, but raised it, if at all, in its answer only by the general allegation that no judgment can be made against the corporation upon any averment contained in the petition. It did, however, in its answer specifically deny that Spreckels was the owner and allege that it itself was the owner. We may add also that in its plea it denied that the plaintiff had been unable to agree, &c., for a flume over "this defendant's land." In *Vass v. Building Association*, 91 N. C. 55, the court held that when a new party was brought in, the complaint should be amended accordingly, but said that if the new party answered when no amendment was made, it would be taken to have waived its right to the same. It seems to us that where a party is made a defendant in the first instance, and is alleged to "claim ownership," and demurs and afterwards pleads without raising the question of the sufficiency of the allegation as to ownership, and later answers denying the allegation of ownership in another and averring ownership in itself, and the proofs

show it to be the owner at the time judgment is rendered, it cannot say that the court cannot render judgment against it for want of a definite allegation in the petition that it is the owner.

We have considered only the questions raised by the parties and not certain other questions which naturally suggest themselves but which we are led to believe the parties have intentionally omitted to raise.

The defendant's appeal is dismissed. The plaintiff states that it does not care to press its appeal in case the defendant's appeal is not sustained. Its appeal also is dismissed on the ground that the order appealed from was not prejudicial to it in view of the final decree in its favor.

*Kinney, Ballou & McClanahan* for the plaintiff.

*A. S. Hartwell* for the defendant corporation.