J. C. HOTCHKISS V. JOHN W. AUKERMAN ET AL.

FILED JUNE 4, 1902.   No. 11,740.

Commissioner's opinion, Department No. 3.

Statute of Limitations: VOLUNTARY APPEARANCE: DATE OF SUMMONS NOT SERVED. Within the meaning of the statute of limitations, a court acquires jurisdiction of the person of a defendant by a voluntary appearance of the latter at the date of such appearance, and not at the date of a summons previously issued but not served.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J.  *Reversed.*

*George E. Hibner,* for plaintiff in error.

*Arthur W. Lane, contra.*

19

AMES, C.

The statement of facts in this case is copied from the brief of the plaintiff in error, and is admitted by the defendant in error to be correct:

"On the 21st day of January, 1898, John W. Aukerman filed a petition in the county court of Lancaster county on a promissory note, dated February 10, 1892, and due February 10, 1893, executed by C. B. Reynolds and J. C. Hotchkiss. A summons was issued on the 7th day of February, 1898, and on the 17th day of February it was returned with the following indorsement by the sheriff: 'I received the summons on the 8th day of February, 1898, and on the 15th day of February, 1898, I served the same on the within-named C. B. Reynolds, whose real name is Charles B. Reynolds, by delivering to him in person a true and certified copy of the same, and on J. C. Hotchkiss, by leaving at his usual place of residence a true and certified copy thereof with all the indorsements thereon.' The summons left at the residence of Hotchkiss contained no month or year at which time he was to appear and answer. On the 7th day of March, Hotchkiss filed in the county court a special appearance and motion to dismiss the action as to him on the ground that no summons had ever been served on him according to law. On March 17 that motion was overruled, and the same day Hotchkiss filed a motion to quash the service as to him on the ground that no summons had ever been served according to law. On March 25 the court sustained the latter motion and quashed the service. On April 1st Hotchkiss filed a separate answer, pleading the statute of limitations. April 18, judgment was rendered against Hotchkiss, who duly appealed to the district court, and issue was joined, Hotchkiss pleading the statute of limitations. The case was submitted on a stipulation of facts, and on November 25, 1899, judgment was rendered against Hotchkiss. Motion for a new trial was filed and overruled, and he prosecuted error proceedings in this case. The only question is as

to the time when this action was commenced as against Hotchkiss."

There is no room for reasonable controversy disclosed by this record. Section 19 of the Code of Civil Procedure enacts that "an action shall be deemed commenced, within the meaning" of the statute of limitations, "as to the defendant, at the date of the summons which is served on him." No service of the summons issued against Hotchkiss was ever made. After the period of limitations had elapsed, he entered a voluntary appearance, and pleaded the statute. This appearance was not a substitution for the service of the process previously issued, but was a waiver of the issuance and service of a new summons. The motion to quash and the order thereon were of no significance except to establish that no service had been made. The court acquired jurisdiction of the person by reason of the voluntary appearance, and at the date of such appearance, precisely as though no summons had ever been issued. There are no decisions of this court intimating a contrary opinion.

It is recommended that as to the plaintiff in error, Hotchkiss, the judgment of the district court be reversed and the action dismissed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that as to the plaintiff in error, Hotchkiss, the judgment of the district court be reversed and the action dismissed.

REVERSED AND DISMISSED.