RELIANCE TRUST COMPANY v. H. A. ATHERTON.[*]

FILED JANUARY 21, 1903.   No. 12,350.

Commissioner's opinion, Department No. 3.

1. **Statute of Limitations:** DATE OF ISSUANCE OF SUMMONS: SERVICE OF SUMMONS. An action is not deemed commenced, within the meaning of the statute of limitations, at the date of the issuance of a summons, unless such summons is served on the defendant.

2. ———: ———: VOLUNTARY APPEARANCE: DATE OF COMMENCEMENT OF ACTION. Where a summons is issued, but not served, and the defendant enters a voluntary appearance, the commencement of the action, within the meaning of such statute, dates from the entry of such appearance.

ERROR from the district court for Fillmore county. Action in county court upon a coupon note; special ap-

Syllabus by court; catch-words by editor.
[*] Opinion denying rehearing, page 309, *post.*

pearance sustained. General appearance; plea of the statute of limitations; judgment for plaintiff. Error to district court, assigning (1) overruling of demurrer to plaintiff's petition; (2) overruling certain objections. Heard below before STUBBS, J. Judgment below affirmed. *Affirmed.*

*George B. France* and *Arthur G. Wray,* for plaintiff in error.

*F. B. Donisthorpe, contra.*

ALBERT, C.

For the sake of brevity and clearness we shall call the plaintiff in error the plaintiff, and the defendant in error the defendant, as we may have occasion to refer to them in what follows.

On the 1st day of September, 1900, the plaintiff filed a petition in the county court asking judgment against the defendant and another in the sum of $408.95 on a promissory note and interest coupons, both dated September 1, 1890, and both due and payable September 1, 1895. The petition shows on its face that the debt had been secured by a real estate mortgage, of even date with the note, and that such mortgage had been foreclosed and the net proceeds credited on the principal note September 6, 1899. A summons issued for the defendants in that action on the date of the filing of the petition, and was returned on the 27th day of September, 1900. The officer's return thereto, omitting the venue, signature and statement of costs, is as follows: "I hereby certify that on the 27th day of September, 1900, I served the within writ of summons on the within named H. A. Atherton [the defendant] by delivering at residence a true copy of this summons with all the indorsements thereon as required by law. Austin M Atherton [the other defendant] not in said county." On the date of the return of the summons the defendant entered a special appearance in the case and objected to

the jurisdiction of the court on the ground that "no sum-
mons as required by law had been served on him." The
objection was sustained, whereupon, on the same day,
namely, September 27, 1900, the parties, in open court,
agreed to a continuance of the case, and no further attempt
at service on the defendant was made. Afterward, the
defendant demurred to the petition on the grounds that
the court had no jurisdiction of the subject-matter, and
that the facts stated in the petition were insufficient to
constitute a cause of action. The demurrer was overruled;
the defendant then answered, relying on the statute of
limitations as a defense. Upon a trial of the issues, the
court found for the plaintiff and gave judgment accord-
ingly. The defendant prosecuted error to the district
court, where the judgment of the county court was reversed
and the case dismissed. From the judgment of the district
court the plaintiff brings the case here by petition in error.

Counsel have not confined themselves in their argument
strictly to the record, and we can not undertake to follow
them further than their arguments are drawn from the
record presented to this court.

The principal question in this case, is whether the county
court erred in overruling the demurrer to the petition, and
that question depends on whether it appears on the face of
the petition that the cause of action was barred by the
statute of limitations. The note and coupon, as before
stated, both became due and payable on the 1st day of
September, 1895. The statute of limitations, therefore,
unless interrupted in some way, would have run against
the cause of action not later than the 5th day of September,
1900. There is nothing on the face of the petition to show
that the running of the statute had ever been interrupted.
It is true there is a credit indorsed on the principal note,
but the language of the indorsement and of the petition
show that it was not a voluntary payment on the part of
the defendant; merely a payment made by indorsing the
proceeds of a sale of the property by legal process. A
payment thus made does not interrupt the running of the

statute. That being true, the cause of action was barred after September 5, 1900, and the question now arises, when was the action commenced in the county court?

Section 19 of the Code of Civil Procedure, which is a part of the statute of limitations, is as follows: "An action shall be deemed commenced, within the meaning of this title, as to the defendant, at the date of the summons which is served on him; where service by publication is proper, the action shall be deemed commenced at the date of the first publication, which publication shall be regularly made." It will be observed that the mere filing of a petition and the issuance of a summons is not the commencement of an action, within the meaning of the section just quoted. The summons issued must be the summons which is actually served on the defendant. In the present case the record fails to show that the summons issued on the 1st day of September, 1900, which is the only summons issued in the case, was served on the defendant. The return of the officer is wholly insufficient to show such service. It merely recites that the summons was served "by delivering at residence a true copy of the summons with all the indorsements thereon." It does not show at whose residence the copy was left; and even if it should be claimed that the residence of the defendant is implied, —an implication which we deem wholly unwarranted,—it is still open to the objection that the statute in regard to substituted service is not satisfied by leaving the copy of the summons at the residence of the defendant. It must be left at his usual place of residence in the county. No attempt was made, so far as the record shows, to amend the return of the officer; and the county court, when its jurisdiction was assailed, properly held that it had no jurisdiction over the person of the defendant. From these facts but one inference can be drawn, and that is that the summons issued on the 1st day of September, 1900, was never served on the defendant, and therefore is not the summons contemplated by section 19, *supra*. Therefore the appearance of the defendant, after the ruling of the court on his

objection urged in his special appearance, was purely voluntary. Had the defendant refused to enter a voluntary appearance, the plaintiff, in order to give the court jurisdiction, would have been compelled to have an alias summons issue, which would have been issued too late to prevent the running of the statute. The entry of a voluntary appearance was not a waiver of the past omission to have service on the defendant, but was a waiver of a present right to insist on the issuance and service of an alias summons, and should not be held to place the defendant in any worse position than he would have occupied had he awaited the issuance and service of an alias summons. In our opinion, therefore, the action was not commenced, within the meaning of the statute of limitations, until the defendant entered a general appearance, which was after the cause of action was barred. The overruling of the demurrer to the petition by the county court was error, and justifies the judgment of reversal in the district court.

It is therefore recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion, denying a motion for rehearing, was filed July 3, 1903:

ALBERT, C.

An opinion was filed in this case at the present term, which is reported on page 305, *ante*. A motion for rehearing has been filed in which a vigorous assault is made on a proposition contained in the opinion to the effect that a return showing service of a summons by leaving a copy at the residence of the defendant does not satisfy the

statute requiring a copy to be left at his usual place of residence. But the question is not necessarily involved in this case; hence the opinion is to that extent dictum. By the return in this case it is left uncertain to whom, and at whose residence, the copy was delivered. The legality of the service was put in issue by the objections of the defendant to the jurisdiction of the court. The court sustained those objections, and it was thereby established as one of the facts in the case that there had been no legal service of the summons issued September 1, 1900. Consequently, it is true, as stated in the former opinion, that the appearance of the defendant in the case after his objections were sustained was voluntary.

We do not overlook the fact that the court, in passing on the merits of the case, found that "the summons served on the defendant herein was delivered to the sheriff for service September 27, 1900." The phrase "served on the defendant" is not to be taken as a finding that there had been due and legal service thereof, thereby vacating the order of the justice sustaining the objections to his jurisdiction, but rather as a means of identifying the summons to which he referred. No motion was made to amend the return to the summons; timely objections were lodged against the service, which were properly sustained by the justice; there is no record of any other service. We must therefore hold, as heretofore, that the general appearance of the defendant was voluntary, and was the commencement of the action within the meaning of the statute of limitations. As such appearance was entered more than five years after the cause of action had accrued, the claim was barred when the action was commenced.

Complaint is made in the motion that it is held in the opinion as a matter of law that the payment relied upon to interrupt the running of the statute was not voluntary. The question arose on a demurrer to the petition. The petition does not allege a payment, but merely that the note bears an indorsement of a credit of the proceeds of a foreclosure sale. Under such circumstances the question pre-

sented is one of law, namely, whether such a credit is a voluntary payment within the meaning of the statute of limitations. The court has held that it is not. *Moffitt v. Carr*, 48 Nebr., 403.

It is recommended that the motion for rehearing be denied.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the motion is denied.

MOTION DENIED.