————o————

## No. 6424.

## N. G. BORDELON vs. LA. RAILWAY & NAVIGATION CO.

### Syllabus.

1. In contemplation of law an action is *"commenced"* only when the defendant is served with the process of the Court.

2. The obvious purpose of the provision contained in C. C., 3470, that "there are no other prescriptions than those established by the Statutes of this State," is to deny to *Courts* in this State the power assumed by Courts of Equity in other jurisdictions, to reject a demand on the ground that it has become *"stale,"* and thus reserve to the law-making power alone the right to fix the time within which the several kinds of civil actions shall be commenced.

3. A clause in a contract between individuals, neither being under any legal obligation to serve the other, limiting the time within which suits may be commenced upon a cause of action growing out of such contract, is not contrary to law or public policy.

4. There is a difference between stipulation against the consequence of one's own negligence, and a stipulation limiting the time within which an action founded upon such negligence may be brought; the one affects the *rights* of the parties, the other concerns the *remedy* only.

5. An agreement fixing a limit of six months within which to commence an action against a carrier for damages done to a shipment is not unreasonable; it is in accord with the spirit, if not the letter of the Civil Code, which provides (C. C., 3237) that the privilege granted upon ships and other vessels for the damage done to cargo, shall be prescribed in six months.

6. The term *"contrary to law"* when applied to the provisions of a contract, means *"in contravention of some prohibitory law;"* it has no application to an agreement which merely modifies the law by providing a rule different from that which the law would itself provide, had no agreement been entered into thereon.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 104,448. Honorable E. K. Skinner, Judge.

F. L. Rice, E. R. Mabry, for plaintiff and appellant.

Foster, Milling, Brian & Saal, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion of the Court, as follows:

This is an action for damages to a shipment of cattle, caused by the alleged negligence of the carrier.

The shipper founds his action upon the carriers general liability at law.

The **carrier** sets up the bill of lading, and pleads in bar of the action, a clause in said special contract, providing that, "no suit or action against the party of the first

part (the carrier) for the recovery of any claim under the contract, or growing out of the shipment, shall be sustainable by any Court of law or equity, unless such suit or action shall be commenced within six months next after the cause of action shall occur.''

The record shows that the petition was filed within six months after the delivery of the shipment; but no citation was served upon the defendant until after six months had expired.

## I.

One may be said to commence a suit against another from the time when he lodges his complaint in Court; or from the time when his petition for relief is reduced to writing ready to be filed; and perhaps even from the time when he first employs counsel for the purpose of seeking that relief.

But in contemplation of law an action is commenced only from the time when the defendant is served with process of the Court.

Clark vs. Heims, 1 Root, 486, 487 (Conn.).
Jencks vs. Phelps, 4 Conn., 149, 152.
Spalding vs. Butts, 6 Conn., 288, 30.
Trust Co. vs. Atherton, 93 N. W., 150 (Neb.).
Isaac vs. Price, 13 Fed. Cases, 154, 156.
Elliott vs. Stevens, 10 Iowa, 418, 422.
Mather vs. Butler County, 8 Iowa, 309, 311.
Hawley vs. Griffin, 92 N. W., 113, 117 (Iowa).
Spencer vs. Koell, 97 N. W., 974, 975 (Minn.).
Taliafero vs. James, 120 Pacific, 651 (Okla.).

This action was therefore not commenced within six months next after the cause of action occurred.

The Civil Code provides:

"There are no other prescriptions than those established by this code and the statutes of this State * * *." **C. C., 3470.**

The obvious purpose of the provision is, to deny to Courts in this State, the power assumed by Courts of equity in other jurisdictions, to reject a demand on the ground that it has become "stale,"? that is to say, that the plaintiff has delayed an unreasonable time before presenting his claim; the Legislature intending thereby to reserve to the law-making power, and deny to the judiciary the right to fix the time within which the several kinds of civil actions shall be commenced.

But it was never the intention of the legislative authority to deny the parties to a contract the right to make a law unto themselves **(C. C., 1901)** and thereby **shorten** the time within which actions may be brought thereon.

Public policy announced in express law **(C. C., 3460)** forbids the parties to **extend** this time by agreement made in advance; but the fact that it is **expressly** forbidden thus to **extend** the time, is pregnant with the suggestion that no such prohibition is intended against shortening it. "**Enclusio unius est exclusio alterius.**"

See also **Railway Co. vs. Harriman, 227 U. S.; 657** and authorities there cited.

Accordingly a clause in a contract between individuals, neither being under any legal obligation to serve the other, limiting the time within which suits may be commenced upon a cause of action growing out of such contract is valid and binding between the parties.

**Carraway vs. Insurance Co., 26 An., 298.**
**Edson vs. Insurance Co., 35 An., 353.**
**Blanks vs. Insurance Co., 36 An., 599.**

## III.

A common carrier is bound to serve all who apply to him for service, and may refuse no one. He is therefore not at liberty to introduce into his contracts any agreement he pleases.

He may not introduce into his contracts any thing unreasonable; for instance he may not stipulate against the consequences of his own negligence.

But there is quite a difference between a stipulation against the consequences of one's own negligence, and a stipulation, based upon some consideration (as in this case, to-wit, a special rate) limiting the time within which the action founded on such negligence shall be commenced. The one only affects the **rights** of the parties, the other concerns the **remedy** only.

## IV.

We think that an agreement fixing a limit of six months within which to commence an action against a carrier for the damage done to the shipment is **not** unreasonable; in fact, it is quite in accord with the spirit, if not the very letter, of the Civil Code, which provides that the **privilege** granted upon ships and other vessels (the principal carriers at the time our Code was written) for the damages done to cargo, shall be prescribed by six months.

C. C., 3237.

Even a limit of **ninety days** within which to commence such action has been thought reasonable by very respectable authority.

Railway Co. vs. Harriman, 227 U. S., 657.

— 409 —

## V.

. It is said that under the Uniform Bill of Lading Law (Act 94 of 1912, Sec. 3, p. 102) a carrier may not insert into his contract anything "**contrary to law or public policy.**"

We have already said that we saw nothing contrary to **public policy** in reasonably limiting by contract the time within which an action may be commenced upon such contract.

And the term "**contrary to law**" in the above act must be read in connection with the provision of Articles 11 and 12 of the Civil Code, which after all announce only principles of universal law.

Clearly the term "contrary to law," when applied to the provisions of a contract, means "**in contravention of some prohibitory law;**" it has no application to an agreement which merely modifies the law by providing a rule different from that which the law would itself provide had no agreement been entered into thereon.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, June 30th, 1915.

Rehearing refused, July 22nd, 1915.