WILLIAM GORGEN, A MINOR, BY CLARA PRINCE, HIS NATURAL
MOTHER AND NEXT FRIEND, APPELLANT, V. COUNTY OF
NEMAHA, APPELLEE.

118 N. W. 2d 758

Filed December 28, 1962. No. 35295.

Schrempp & Lathrop and Henry C. Rosenthal, Jr., for
appellant.

Donald F. Stanley and Dwight Griffiths, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action against the County of Nemaha, Ne-
braska, for damages alleged to have been caused by a
defective bridge. The petition alleged that the plain-
tiff, William Gorgen, a minor 18 years of age who appears
by his next friend, was injured on July 30, 1960, when an
automobile in which he was a passenger ran off of a
bridge; that the plaintiff's injuries were caused by the
negligence of the defendant in failing to provide a suit-
able bridge, in failing to warn motorists of the existence
of the bridge, in failing to provide suitable guardrails
on the bridge, and in setting the bridge at an angle; and
that the plaintiff was damaged as a result of his injuries.
The trial court sustained a demurrer to the petition
and dismissed the action. The plaintiff has appealed to
this court.

The action is brought under section 39-834, R. R. S. 1943, which requires that such an action be "commenced within thirty days of the time of the injury or damage occurring; * * *." The limitation of the time within which the action must be commenced applies to all persons without regard to any kind of disability. Swaney v. County of Gage, 64 Neb. 627, 90 N. W. 542. Where the record shows that the action was not commenced within the time required, the petition is subject to demurrer. Reliance Trust Co. v. Atherton, 67 Neb. 305, 93 N. W. 150, rehearing denied, 67 Neb. 309, 96 N. W. 218.

In this state a civil action is commenced by filing a petition and causing a summons to be issued thereon. § 25-201, R. R. S. 1943. Section 25-502, R. R. S. 1943, provides: "The plaintiff shall also file with the clerk of the court a praecipe stating the names of the parties to the action with demand that summons issue therefor." Section 25-217, R. R. S. 1943, provides in part: "An action shall be deemed commenced, within the meaning of this chapter, as to the defendant, at the date of the summons which is served upon him; * * *."

The mere filing of a petition and the issuance of a summons is not the commencement of an action; the summons issued must be served upon the defendant. Reliance Trust Co. v. Atherton, *supra.* The action is commenced at the date of the summons which is served upon the defendant. Calkins v. Miller, 55 Neb. 601, 75 N. W. 1108; Burlingim v. Cooper, 36 Neb. 73, 53 N. W. 1025. Where the defendant enters a voluntary appearance, the action is commenced on the date of the appearance. Hotchkiss v. Aukerman, 65 Neb. 177, 90 N. W. 949; Reliance Trust Co. v. Atherton, *supra.*

The record shows that the following took place on August 26, 1960. The plaintiff filed a petition, which alleged that the accident occurred on July 30, 1960, and a praecipe as follows:

"PRAECIPE

| | |
|---|---|
| Wm. Gorgen, A Minor By ) | DISTRICT COURT, |
| Clara Prince, His Natural ) | FIRST JUDICIAL |
| Mother and Next Friend, ) | DISTRICT, IN AND |
| Plaintiff, ) | FOR NEMAHA |
| vs ) | COUNTY |
| THE COUNTY OF ) | |
| NEMAHA, ) | Doc Q Page 284 |
| Defendant, ) | No. 7908 |

TO THE CLERK OF SAID COURT:

Please issue Summons in the above entitled cause and deliver same to the Sheriff of said County;

John W. Magor—Auburn
Frank Clark—Nemaha
Adolph Kienker—Johnson
Schrempp & Lathrop
Attorney for Pltf."

A summons was issued for service upon "John W. Magor —Auburn," "Frank Clark—Nemaha," and "Adolph Kienker—Johnson," and was served personally upon John W. Magor, Frank Clark, and Adolph Kienker.

Magor, Clark, Kienker, and the defendant all filed special appearances which were sustained on October 18, 1960. The plaintiff did not appeal from the orders sustaining the special appearances. On October 11, 1961, approximately a year later, the plaintiff filed a praecipe requesting that an alias summons be issued.

The record in this case shows that the action was not commenced within the time limited by statute. Although the petition was filed within the 30-day period, there was no summons issued for the defendant which was served upon it. The summons which was issued and served on August 26, 1960, was not directed to or served upon the defendant. Magor, Clark, and Kienker were not parties to the action and the service of the summons upon them as individuals accomplished nothing. The trial court acquired no jurisdiction over

the defendant by the summons issued and served on August 26, 1960.

The plaintiff argues that a party is not obliged to supervise the preparation of the summons and is not responsible for a dereliction of an officer of the court. The argument is not applicable to the facts in this case. The summons which was issued in this case responded to the praecipe which the plaintiff filed. The difficulty lies in the fact that the praecipe was defective. It was the plaintiff's responsibility to file a praecipe "stating the names of the parties to the action with demand that summons issue therefor." § 25-502, R. R. S. 1943. The praecipe should have requested that a summons be issued for the defendant, the County of Nemaha, Nebraska.

The demurrer was properly sustained and the action dismissed. It is unnecessary to consider the other ground urged in support of the demurrer.

The judgment of the district court is affirmed.

AFFIRMED.